WETZELL & GRIFFITH, Respondents, v. DANIEL WAGONER, Appellant.

Kansas City Court of Appeals, May 19, 1890.

1. **Trial Practice**: PLEADING : AMENDMENT : AFFIDAVIT. It is proper to permit an amendment of the petition, not changing the substantial issues between the parties, so as to make it conform to the facts proven, and when the defendant omits to show by affidavit wherein he was misled or prejudiced by it, he is in no situation to complain of such action of the court.

2. ——— : INSTRUCTIONS TAKEN TOGETHER. Though an instruction standing by itself may be exceptionable, yet the instructions must be taken in their entirety, and if so taken they fairly embody the law of the case, they are not subject to objection.

3. **Real-Estate Agents**: WHEN ENTITLED TO COMMISSIONS : INSTRUCTION. When property is placed in the hands of a real-estate agent for sale, he is entitled to his commissions if he brings about the sale by his exertions, or if he introduces the purchaser or gives his name whereby the sale is perfected by the principal, even though the owner vary the terms from the first negotiation ; and it is error to instruct the jury that, unless the sale was effected by the owner at the price the agents were directed to take, they were not entitled to commissions.

4. **Trial Practice** : INSTRUCTIONS SUBSTANTIALLY GIVEN. It is not improper to refuse instructions substantially the same as others given.

5. **Real-Estate Agents**: WHEN ENTITLED TO COMMISSIONS : INSTRUCTIONS. An instruction basing a real-estate agent's right to commission solely upon the fact whether he actually sold the property himself is erroneous.

6. **Evidence**: GRATUITOUS SERVICES : COMPENSATION. Evidence in this case is decided to show that the services were not gratuitous, but were performed under an agreement for compensation.

*Appeal from the Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

Affirmed. .

*Thomas & Hackney*, for appellant.

(1) There was a total failure of proof to sustain the allegations in plaintiffs' original petition and the defendant's demurrer to the evidence should have been sustained at the close of plaintiffs' evidence. (2) The plaintiffs sought to cure this failure by filing an amended petition at the close of all the evidence. The court erred in permitting this amended petition to be filed against defendant's objections. It entirely changed the cause of action. (3) The second instruction given for plaintiffs assumes as facts: *First.* That defendant agreed to pay a certain price to plaintiffs for procuring or introducing the purchaser; *second,* that plaintiffs were his agents; and, *third,* that the defendant made the purchaser better terms that he had made to the so-called agents. The testimony was conflicting on each of these points, and it was the province of the jury to find the facts. *Peck v. Ritchey*, 66 Mo. 121. (4) The defendant's first and fifth refused instructions were to the effect that if defendant agreed to give plaintiffs a particular sum in case they sold the land at a particular price, and that plaintiffs did not sell the farm or procure a purchaser therefor at that sum they could not recover. This is the law, and the court erred in refusing the instructions. *Gaty v. Foster*, 18 Mo. App. 645; *Reiger v. Bigger*, 29 Mo. App. 427. (5) The third instruction asked by the defendant should have been given. It was based squarely on the amended petition and required the jury to find that plaintiffs sold or procured the sale under the agreement relied on by them in their petition before finding for plaintiffs. The refusal of this instruction was tantamount to saying

that plaintiffs could recover regardless of what they did or what they based their claim upon. Likewise the defendant's fourth refused instruction required the jury before rendering a verdict for plaintiffs to find that plaintiffs had performed their duties as agents of defendant. (6) The defendant's sixth and seventh refused instructions should have been given. The defendant testified that he had refused to place his farm in plaintiffs' hand for sale, and that notwithstanding this refusal, and without any request from him, plaintiffs showed his farm to Shuler—introduced Shuler to him and told him that Shuler liked his farm and wanted to buy it, and that he made the trade without the further assistance of plaintiffs. Under these circumstances plaintiffs' services were voluntary and gratuitous, and they could not exact compensation therefor, even though their services may have been a benefit to defendant. *Lynch v. Bogy*, 19 Mo. 170.

*Harding & Buller*, for respondent.

(1) There was no error in allowing the plaintiffs to amend their petition so as to conform it to the facts proved. Such practice is expressly sanctioned by the statute. R. S. 1879, sec. 3567; *Bennett v. McCause*, 65 Mo. 194. It was developed on the trial that the original contract was modified by a subsequent agreement, having in contemplation a reduction in the price of the farm. This did not at all change the substantial issues, and, even if it had, the defendant failed to show by affidavit wherein he was prejudiced by the amendment, and consequently he is in no situation to complain of it here. *Gaty v. Sack*, 19 Mo. App. 470. (2) The plaintiffs' second instruction should be considered in connection with the first, and when so read it does not assume anything; and the two taken together properly presented the case to the jury. Instructions are to be considered in their combination and entirety,

and not as though each separate instruction was intended to embody the whole law of the case. (3) *McKean v. Railroad*, 43 Mo. 405. (3) The court did right in modifying the defendant's first instruction. It ignored the contingency of the defendant's taking charge of the negotiations himself, after a purchaser had been found by the plaintiffs, and voluntarily accepting a less price than he had proposed to take. If the rule defendant contends for was correct, then by selling the place himself for $7,999.99, or any other sum less than eight thousand dollars, he could defraud the agents of their well-earned commission. But such is not the law. *Woods v. Stephens*, 46 Mo. 555, 557; *Beauchamp v. Higgins*, 20 Mo. App. 514. (4) Defendant's third and fourth refused instructions were mere reiterations of the proposition laid down in the instruction which they asked and which was given by the court as modified, and for that reason, even if for no other, they were properly refused. *Bell v. Kaiser*, 50 Mo. 150. Besides which the third instruction would have tended to confuse rather than to enlighten the jury. How could they tell whether the work done under the first or the last agreement was that which was effective? Moreover, if defendant agreed to pay the commission in case plaintiffs procured a purchaser, it made no difference whether he was one they already had on hand, or one that they procured afterwards. (5) The defendant's sixth instruction ignores the contract and all that took place between plaintiffs and defendant, even according to defendant's own testimony, and was equivalent to telling the jury that even though they might believe from the evidence that plaintiffs introduced a purchaser to defendant and showed him over the farm, and worked him up to the point of trading, and defendant agreed with them that if he did trade he would pay them two hundred dollars' commission, yet, if they believed that the defendant

pitched in and made the trade himself, no recovery could be had, and the seventh is to the same effect only a little stronger, making it incumbent upon the plaintiffs to actually sell the farm themselves. But this they were not required to do. The principal is liable even if he does the actual selling himself. *Bell v. Kaiser*, 50 Mo. 150 ; *Tyler v. Parr*, 52 Mo. 249 ; *Mullen v. Parker*, 31 Mo. App. 563. ( 6 ) The instructions given fairly presented the case to the jury, and the refusal of a multitude of others, even if they had been absolutely correct, would not be error. *Norton v. Moberly*, 18 Mo. App. 457 ; *Harris v. Lee*, 80 Mo. 420 ; *Nugent v. Curran*, 77 Mo. 323 ; *McGrugle v. Daugherty*, 71 Mo. 259.

SMITH, P. J.—This was an action brought in the circuit court of Jasper county, by the plaintiffs, who were real-estate agents, against defendant to recover the sum of two hundred and twenty-five dollars' commissions due them for selling defendant's farm. At the trial and after the evidence was in, the plaintiffs were permitted to file an amended petition, wherein they alleged a modification of the original contract sued on to the effect that the defendant agreed with them that, if they found a purchaser for his farm at about the sum of eight thousand dollars, he would pay them two hundred dollars if he effected a sale to the purchaser so found, and that defendant did sell his farm to one Shuler, a purchaser found by them, for that sum, etc. The answer was a general denial. The evidence tended to prove that plaintiffs showed the defendant's land to Shuler and subsequently introduced him to the defendant. That defendant asked eighty-five hundred dollars for his farm which Shuler declined to pay for it. That defendant afterwards, according to his own testimony, told plaintiffs to go and tell Shuler that he would take eight thousand dollars for his farm, and if such sale was

made that he would pay them two hundred dollars' commission. The witness Dietrick testified that at the request of plaintiffs he went to Shuler and told him that one of the plaintiffs, Griffith, had told him that the defendant's farm could be purchased at eight thousand dollars. A nephew of Shuler testified that shortly after Dietrick's visit the defendant met his uncle, and the purchase of the land was agreed upon at eight thousand dollars by the defendant throwing in some farm machinery valued at three hundred dollars. The circuit court instructed the jury for plaintiffs in effect : *First.* That if the defendant employed plaintiffs to sell the farm upon commission, and if plaintiffs in pursuance of such employment procured or introduced a purchaser who bought the defendant's farm, then the plaintiffs were entitled to their commission, even though defendant, after the introduction of the purchaser to him, went and hunted up some purchaser and made a different proposition from that which he authorized the plaintiffs to make, or sold to the purchaser at a less price either by throwing in personal property or otherwise ; and, *second*, that if the plaintiffs showed the property to the purchaser and negotiated with him to purchase it, and introduced the purchaser to defendant, and that, in pursuance of such negotiations defendant finally sold said property to the purchaser so found and introduced, then plaintiffs were entitled to receive the price agreed to be paid them as commission on the purchase money—provided they find plaintiffs acted, in showing said farm and negotiating for its sale and introducing the purchaser to defendant, at his request; and the fact, that defendant finally made the purchaser better terms than he had proposed to said agent, would not deprive them of their right to commission, etc. The court for the defendant instructed the jury that "although they may find from the evidence that defendant placed his farm in the hands of plaintiffs for sale, and under an

agreement with them that if they sold the same to Shuler for eight thousand dollars or provided a purchaser at that sum he would pay them the commissions sued for, to-wit: Five per cent. on the first thousand dollars and two and one-half per cent. on the balance of said eight thousand dollars, yet, if plaintiffs did not sell said farm or procure or introduce a purchaser therefor, plaintiffs are not entitled to recover, and your finding should be for the defendant." There were several other instructions which need not be set forth here, but which will be referred to presently. The verdict of the jury was for plaintiffs, and after an unsuccessful motion to set the same aside judgment was rendered, to reverse which defendant prosecutes his appeal.

I. The defendant's first contention is that the trial court erred in permitting plaintiffs at the conclusion of the evidence to amend their petition. It was proper to permit the amendment of the petition so as to make it conform to the facts proved. R. S., sec. 3567; *Blair v. Railroad*, 89 Mo. 383. This amendment, not changing the substantial issues between the parties was within the limit of the statutory rule allowing amendment of pleading and besides, if it was not, the defendant omitted to show by affidavit wherein he was misled or prejudiced by it, and consequently he is in no situation to complain of that action of the court in respect to that matter. *Burnett v. McCause*, 65 Mo. 194; *Gaty v. Sack*, 19 Mo. App. 470.

II. As to the second ground of defendant's appeal, it is sufficient to say that if the plaintiffs' second instruction is considered in connection with their first, it will be seen that there is no assumption by the court of any issuable fact. The instructions must be viewed in their entirety. If thus considered, and they fairly embody the law of the case, they will not be subject to objection, though any one of them standing by itself may be exceptionable. *Railroad v. Vivian*, 33 Mo.

App. 583; *Muehlhausen v. Railroad*, 91 Mo. 332; *Bailey v. Railroad*, 94 Mo. 600.

III. The defendant's first and fifth instructions, which told the jury, in effect, that if defendant agreed to give plaintiffs a particular sum in case they sold his farm at a specified price, and that if plaintiffs did not sell it or procure a purchaser therefor *at that price*, the plaintiffs could not recover, were improper. The rule declared in these instructions was too narrow in its scope. Its effect is to ignore the well-established principle that when property is placed in the hands of a real-estate agent for sale he is entitled to his commission, if he brings about the sale by his exertion, or if he introduces the purchaser, or gives his name, whereby the sale be perfected by the principal, even though the owner vary the terms from the first negotiations. *Beauchamp v. Higgins*, 20 Mo. App. 514; *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Pane*, 52 Mo. 249; *Millan v. Porter*, 31 Mo. App. 563. In this case the plaintiffs showed the defendant's farm to the purchaser, introduced him to defendant and by his direction had offered the purchaser the farm at a price he named; the defendant after this met the purchaser and modified the proposition which he had made through his agents, so as to make it acceptable to him. These directions instructed the jury that unless the sale was effected at the price which the plaintiffs were directed to offer the farm for, they were not entitled to commission notwithstanding the defendant made the sale by taking a slightly less sum than he had directed the plaintiffs to offer the property for. It would indeed be a singular hardship on the plaintiffs if after their successful efforts in bringing about this sale they should receive no compensation, solely because the defendant agreed himself with the purchaser to take a less sum than he had offered, through the plaintiffs, his agents, to take in the first instance. It would be quite difficult to conceive of

a principle that would give sanction to such rank injustice.

IV. The defendant's third and fourth instructions were substantially the same as the one the court gave the defendant, and for that reason were not improperly refused.

V. The defendant's sixth and seventh instructions made plaintiffs' right to recover commissions for their exertions, in bringing about the sale, dependent solely upon the fact whether they actually sold the farm themselves. These instructions are obnoxious to the principle announced in the cases cited by us in noticing defendant's first and fifth instructions in a preceding paragraph of this opinion.

VI. The evidence does not tend to show, as the defendant seems to suppose, the services rendered by plaintiffs to have been voluntary and gratuitous, but on the contrary tends to show that the same were undertaken and performed under an agreement for compensation to be paid by defendant. The verdict was clearly for the right party. No error prejudicial to the defendant being perceived in the record before us, the judgment is affirmed. All concur.

