A. J. MERTON, Respondent, v. J. I. CASE THRESH-
ING MACHINE COMPANY, Appellant.

**Kansas City Court of Appeals, May 11, 1903.**

1. **Brokers: COMMISSIONS: PROCURING CAUSE OF SALE: EVI-
DENCE.** Where an agent introduces or discloses the name of a pur-
chaser to the seller, and through such ,disclosure negotiations are
opened and a sale effected, the agent is entitled to his commission
though the sale was made by the owner, and the evidence in the
record is sufficient to send the question to the jury.

2. **Appellate Practice: INSTRUCTIONS: COMMON ERROR.** Where
the instructions of both parties contain the same error, neither
party can be heard to complain.

3. ———: **CONFLICTING EVIDENCE: VERDICT.** Where there is
evidence to carry the case to the jury, the verdict is conclusive, and
the appellate court will not weigh the evidence.

4. ———: **ASSIGNMENT OF ERRORS: MOTION FOR NEW
TRIAL: RECORD.** An assignment of errors in the appellate court
should not be more comprehensive than that in the motion for new
trial, and if so it will go unheeded; and so of assignments not
arising in the record.

Appeal from Jackson Circuit Court.—*Hon. James Gib-
son,* Judge.

**AFFIRMED.**

*W. R. Clarke* for appellant.

(1) Failure of proof. Blackwell v. Adams, 28
Mo. App. 61; Powell v. Railroad, 76 Mo. 80. (2) Bro-
kers must be the procuring cause, and it is not sufficient
for his act to be one of the chain of causes. Ramsey
v. West, 31 Mo. App. 676, 687. (3) Plaintiff did not
produce or introduce to defendant a purchaser ready,
willing and able to purchase the engine at the price
stipulated in the contract as he contends for. Zeidler
v. Walker, 41 Mo. App. 121; Blackwell v. Adams, 28

Mo. App. 61; Reiger v. Bigger, 29 Mo. App. 421. (4) That with favorable construction plaintiff only had an option with others to sell at list price ($1,200) and never even secured his alleged customer's consent or promises to purchase the engine of defendant at any price. Crowley v. Somerville, 70 Mo. App. 376; Warren v. Cram, 71 Mo. App. 641. (5). Voluntary services without intent to charge can not be made the basis of an action. Penter v. Roberts, 51 Mo. App. 227. Plaintiff never expected, requested or intended twenty per cent or twenty-five per cent commission at the time, in May, 1901, as alleged in his petition and by his testimony, when he gave Borst's name. (6) Plaintiff had not the exclusive agency; the price received by principal or defendant, was less than the contract called for, therefore, no recovery could be had. Evens v. Stone Co., 81 Mo. App. 60.

*B. F. Pursel* for respondent.

(1) The appellate court will never consider any assignment of error which has not been first called to the attention of the trial court in a motion for a new trial. Bollinger v. Carrier, 79 Mo. 318; Bank v. Allen, 68 Mo. 474. In the motion for new trial the particular ground or grounds of error complained of must be specifically pointed out. If the reasons alleged are indefinite, vague, or too general, they will not be considered by the appellate court. Stone v. Wolfskill Bros., 59 Mo. App. 441; Fox v. Young, 22 Mo. App. 386. The two assignments, that the verdict is, first, against the evidence, and, second, against the weight of the evidence, are substantially the same. State ex rel. v. Todd, 92 Mo. App. 1, and cases cited. In an action at law for the recovery of money, the appellate court will not pass on the weight of evidence. Carr v. Ubsdell, 71 S. W. (Mo.) 112; Honeycutt v. Railroad, 40 Mo. App. 674.

SMITH, P. J.—This is an action which was commenced before a justice of the peace. The statement filed by plaintiff alleged that the defendant was indebted to him in the sum of $210 for services rendered to it, at his request, in effecting a sale of a 12-horsepower Case engine, for the said defendant, to William Borst, or Borst Brothers, of Leavenworth county, Kansas. That the said defendant was to pay the said plaintiff, as commission on said sale, twenty-five per cent on the sale price of said engine if the same was sold for cash, and twenty per cent if sold on time. The plaintiff says that the said 12-horsepower Case engine was sold to said William Borst, or Borst Brothers, on or about the 1st of July, 1901 on time, and for the sum of $1,050, and that the plaintiff is entitled to the sum of $210 as commission on said sale. That the same is due and unpaid. Wherefore, plaintiff prays for judgment for $210, etc. There was a trial in the circuit court, where the cause was removed by appeal, in which plaintiff had judgment for $205.20, and the defendant appealed here.

At the conclusion of the evidence adduced by plaintiff the defendant interposed a demurrer thereto, which was by the court denied; and the action of the court in that regard constitutes one of the grounds of error it has assigned. The plaintiff testified that he had formerly been engaged in the business of selling threshing machines as agent, and that early in 1901 while in Leavenworth county, Kansas, in other business, he heard that Borst, who lived in that county, was contemplating the purchase of a threshing machine; so thinking he might make some arrangement with him to sell him one he went to see him at his home where it was agreed for him to go to Kansas City and see if he could not get an agency for the sale of threshing machinery so as to be able to sell him an engine on satisfactory terms. Accordingly, he went to Kansas City and there had an interview with defendant's general

agent, Gittins. He asked Gittins whether he had a local agent in Leavenworth county, and on being informed that he had not he said to him (Gittins): "I would like to make an arrangement by which I can sell your machines in that county for this year (1901) as I had a customer already that I thought would buy." Thereupon Gittins said: "Very well, we will arrange with you." Gittins then said: "We will pay you twenty per cent on time sales and twenty-five per cent for cash sales at list price;" and "while talking he took up a tablet and pencil and wrote down the different things that I had stated to him." He asked, "Where does the party live who you think wants to buy a rig, and what is his name?" which, on being told, he noted down. He said to the plaintiff that he had better write to the party "and see what his opinion was now about the deal." Thereupon the plaintiff wrote to Borst, who answered back that he had not closed any deal yet but that he had an offer of $75 better for the old engine than was offered by plaintiff. The latter then wrote to him that he "had a man who could afford to allow him more than any man on earth for a secondhand engine." Borst did not reply to this letter.

Plaintiff further testified that at this juncture he recalled Gittins' action in writing down the substance of what he had stated to him in their interview, already referred to, and became a little anxious, and so he wrote to Gittins that if he had sent another man to Borst and closed the deal he would hear from him again "in no uncertain terms," etc. A letter from plaintiff to the defendant was introduced in which he refers to the previous interview with its agent, Gittins, and stated that the party desiring the new engine and having an old one was still "open for a deal" and that he proposed to come to Kansas City the following Sunday when he wanted to see the defendant's agent to get necessary blanks, instructions, etc., so that he could close the deal with Borst. The defendant's agent answered that he

did not believe that he could give him any new informa-
tion pertaining to the method of making the deal he had
in view, and as some of "our old agents have been try-
ing to make the sale we fear it will be impossible to
make it through you," etc. To this plaintiff wrote re-
plying: "Judging from the wording of your letter you
have sent a man there and closed the deal. . . I
treated you fairly when you asked the party's name
and locality. I gave no fictitious name or false direc-
tion—supposing you would treat me honorably, as other
dealers would have done under the same circumstances"
etc. Gittins responded to this by saying that he had
sent no one "to find that engine customer" and that
"we have had no one in that section for a long time.
. . . We have heard nothing of the deal since you
wrote and presume no agent is after it. If you can
get it for us, *we will be pleased to have you do so.*"

The plaintiff made two trips after this to see Borst
and found that one Winship, an agent of defendant at
Kansas City, had, under direction of Gittins, been to
see him and had sold him an engine, the list price of
which was $1,200. The defendant refused to pay the
plaintiff anything for his service.

It is the well-settled rule of law in this State that
where an agent introduces the purchaser *or discloses
his name* to the seller and through such introduction or
disclosure negotiations are opened and the sale of the
property is effected, the agent is entitled to his com-
missions, though the sale is made by the owner. Tyler
v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo.
638; Gelatt v. Ridge, 117 Mo. 560; Lipscomb & Russ v.
Cole, 81 Mo. App. 53. The evidence in the present case
certainly had a tendency to show that the plaintiff had
disclosed the name of a purchaser to the defendant and
that the sale to Borst would not have been effected but
for such disclosure; and to that extent, at least, the
plaintiff was the procuring cause of the sale. We think
the evidence was sufficient to carry the case to the jury,

and that the trial court did not err in denying the defendant's demurrer.

The defendant complains of the action of the court in the giving of the plaintiff's instructions numbered one and two; but it appears that the court at the request of the defendant gave its number two which submitted the case upon a theory which was in substance no more than the converse of that declared in those given for the plaintiff. If the plaintiff's embodied an erroneous theory of the case, so did that of the defendant; and the error being common, neither party could be heard to complain of it.

The defendant's first instruction was, we think, properly refused.

The defendant's motion for new trial assigned as grounds therefor that the "verdict was against the evidence" and "against the weight of the entire evidence." We have already reached the conclusion that the evidence adduced by plaintiff was sufficient to carry the case to the jury, and that being so its verdict is conclusive. And as to whether the verdict was against the weight of the evidence it is not within our province to determine, in a case of this kind. Carr v. Ubsdell, 71 S. W. 112.

The defendant has assigned a greater number of errors here than is authorized by its motion for a new trial. As a general rule, the assignment of the errors committed by the court during the progress of the trial must be based on the specifications of the motion for the new trial. The former ought not to be more comprehensive than the latter, or, if so, those not so based will be passed unheeded. The defendant has suggested in its brief and argument a number of questions not properly arising on the record, and so they have not been noticed.

The judgment was clearly for the right party and will be affirmed. All concur.