FRANK H. CORUM, Respondent, v. EUGENE ARNOLD, Appellant.

Kansas City Court of Appeals, May 1, 1911.

PRINCIPAL AND AGENT: Real Estate Agent: Procuring Cause: Owner Closing Sale. If a real estate agent employed by the owner of a farm, discovers a purchaser, shows him the farm and recommends it to his consideration, the owner has not the legal right to cut him out of his commission by subsequently stepping in, taking up the negotiations and finally selling the farm himself. In such instance the agent is the procuring cause of the sale.

Appeal from Clay Circuit Court.—*Hon. Francis J. Trimble,* Judge.

AFFIRMED.

*E. L. Riley* and *Craven & Moore* for appellant.

(1)    The court committed error in overruling defendant's demurrer to the evidence for the reason that plaintiff's own testimony failed to show that he was either the procuring cause of the sale or had performed his contract within a reasonable time. Bassford v. West, 124 Mo. App. 248; McLaughlin v. Hardin, 133 Mo. App. 605; Mead v. Arnold, 131 Mo. App. 214; Real Estate Co. v. Real Estate Co., 129 S. W. 419; Bond & Stock Co. v. Houck, 213 Mo. 440; Gardner v. Eldridge, 130 S. W. 403.    (2)    The court erred in giving plaintiff's instruction numbered one and two. These instructions both authorized a recovery by plaintiff regardless of whether his acts were the procuring cause of the sale and regardless of whether he had procured a purchaser in a reasonable length of time. They both purported to cover the whole case and the first is practically a copy of the instruction condemned in the case of Russell v. Poor, 133 Mo. App. 727; Mead v. Arnold, 131 Mo. App. 214; Russell v. Poor, 133 Mo. App. p. 727; Timberman v. Craddock, 70 Mo. 638; Kinder v. Pope, 106 Mo. App. 536; Real Estate Co. v. Real Estate Co., 129 S. W. 419; Northup v. Diggs, 128 Mo. App. 217; Ramsey v. West, 31 Mo. App. 676.    (3)    The court's error in giving instructions number one and two not only was not cured but was aggravated by giving defendant's instruction number two as modified by the court. Russell v. Poor, 133 Mo. App. 727; Mead v. Arnold, 131 Mo. App. 214. (4)    The court erred in refusing defendant's instructions numbered six, seven and eight, which were correct statements of the doctrine that the agent must perform or offer to perform a contract within a reasonable time.

when no time is stated therein, and in lieu thereof in giving of its own motion instruction number one, which was an incorrect statement of the law and injected hypotheses of which there was no evidence. Turner v. Snyder, 132 Mo. App. 320; La Force v. Washington University, 106 Mo. App. 517. (5) Defendant had a right to clear and direct instructions on the issues of procuring cause and reasonable time. Toncrey v. Railroad, 129 App. 602. (6) Defendant did not waive any objection to the court's modified instructions on procuring cause or reasonable time by having asked different instructions on those questions. Maxey v. Metropolitan St. Ry. Co., 95 Mo. App. 311. (7) It is not necessary that the abstract of record should show the filing of the judgment and order granting appeal. Bank v. Hutton, 224 Mo. 42; Houks v. Houks, 218 Mo. 670; State ex rel. v. Smith 172 Mo. 446; Coleman v. Roberts, 214 Mo. 634; Pemoroisky v. Coerver, 205 Mo. 136; Godfrey v. Godfrey, 128 S. W. 970.

*Ralph Hughes* for respondent.

(1) Instructions 1 and 2, given at the instance of the plaintiff, declare the law as it has long been established in this state, and the courts of this state have expressed their approval of similar instructions in cases where the question of procuring cause was in issue. Bell v. Kaiser, 50 Mo. 150; Pollard v. Banks, 67 Mo. App. 187; Brennan v. Roach, 47 Mo. App. 290; Jones v. Berry, 37 Mo. App. 125; Millan & Abbott v. Porter, 31 Mo. App. 563; Page & Austin v. Griffin, 71 Mo. App. 524; Wetzell & Griffith v. Wagoner, 41 Mo. App. 509. (2) Appellant's abstract fails to show that a certified copy of the judgment appealed from and the order granting the appeal was filed in this court. For this reason, the appeal should be dismissed. Wagon & Buggy Co. v. Cornell, 131 Mo. App. 344; Harding v. Bedoll, 202 Mo. 625; Barham v. Shelton, 221 Mo. 66.

ELLISON, J.—This action was instituted to re-cover a commission for the sale of real estate belonging to defendant. The plaintiff recovered judgment in the trial court.

The principal point made by defendant is that the court erred in refusing a demurrer to plaintiff's evi-dence. We will therefore state the facts as the evidence in his behalf tends to prove them. It appears that de-fendant owned a farm of two hundred acres in Clay county, and that in 1906 he placed it in plaintiff's hands for sale. As expressed by the parties, he "listed it" for sale with plaintiff, at the price of eighty-five dollars per acre. After the lapse of near a year defendant notified plaintiff that he had raised the price to one hundred dol-lars per acre. But plaintiff had informed one Thomas-son (the man who afterwards purchased) that he had the farm for sale and so far interested him in it that he inquired for and received from plaintiff the particulars as to the place, save the price at which it might be bought,—Thomasson stating that he liked the place and maybe would buy it some day, if not sold to some one else, though at that time he was not able. In the sum-mer of 1908, Thomasson, after reading an advertisement put in a paper by defendant, communicated with plain-tiff by telephone and made an engagement with him to meet next day, when he expressed a desire to plaintiff to be shown over the farm. They then drove to the place, plaintiff pricing it at one hundred dollars per acre, the increased price given him by defendant as just stated. Thomasson offered ninety-five dollars and no sale was made. As they were leaving the place, defendant him-self drove up, when in an aside conversation defendant informed plaintiff that he must have one hundred dol-lars an acre, net. In the fall, afterwards, defendant and Thomasson met at Excelsior Springs and they en-tered into further negotiations, he telling Thomasson that he would sell it himself as he was going to take it out of plaintiff's hands. Shortly thereafter a sale was

consummated between them at one hundred dollars per acre. There was other evidence, the object of which was to show that defendant's own efforts sold the land without aid from plaintiff. It was shown that he advertised the land in a newspaper and, as already stated, that Thomasson read it, and that it was after seeing the advertisement he sought plaintiff and looked over the place with him. There was other evidence not necessary to recite, for it all, considered together, forces the conclusion that it would have supported a verdict for either party. In such condition of case we, of course, are not authorized to disturb the result reached.

The instructions stated the law fully and clearly. The trial court's instruction given of its own motion, and its modification of one offered by defendant, were justified by the law as applied to the evidence offered by each party. These, with those given at the instance of the parties, were to the general effect that in order for plaintiff to recover he must have found the purchaser and brought to his attention the farm, by stating it was for sale, recommending it and showing and going over it. And that the fact that negotiations subsequently were carried on with the purchaser by defendant alone, would not destroy plaintiff's right to his commission. [Sallee v. McMurry, 113 Mo. App. 253; Brennan v. Roach, 47 Mo. App. 290.]

The evidence clearly showed the land was placed in plaintiff's hands by defendant, but it became a question whether it was subsequently withdrawn, and on this head the instructions were to the effect that if plaintiff opened negotiations with the party who afterwards bought, and showed him the farm, defendant had not the legal right by stepping in and discharging him and closing the negotiations himself, to deprive plaintiff of his commission. [Bell v. Kaiser, 50 Mo. 150; Wright v. Brown, 68 Mo. App. 577.]

We are clearly without right to interfere, and the judgment is affirmed. All concur.