A. P. HAMILTON, Appellant, v. M. F. DAVISON, Respondent.

Springfield Court of Appeals, February 3, 1913.

1. **REAL ESTATE BROKER: When Entitled to Commission.** The owner thereof placed certain real estate in the hands of a real estate agent to sell. The latter exerted himself to find a buyer, found one and brought him and the owner together with the result that a negotiation ensued which led to a sale. *Held*, that the broker was the procuring and efficient cause of the sale and was entitled to compensation therefor, even though the bargaining and selling were done by the owner without further assistance from the agent.

2. **REAL ESTATE: Direct or Indirect Transfer.** The vendor cannot defeat the broker's right to a commission by conveying the property to a third person for the benefit of the customer.

3. **TRIAL COURT: Its Finding.** The judgment of a trial court should not be disturbed if there is evidence to support it.

Appeal from Jasper Circuit Court, Division Number Two.—*Hon. D. E. Blair*, Judge.

AFFIRMED.

*Shannon & Phelps* for appellant.

(1) To be entitled to a commission on the sale of real estate an agent must be the procuring cause of the sale. McCrory v. Kellogg, 106 Mo. App. 597; Van Dyke & Co. v. Walker, 49 Mo. App. 381; Ramsey v. West, 31 Mo. App. 676; Sublette v. Lowe, 152 Mo. App. 190; Campbell v. Vanstone, 73 Mo. App. 84. (2) It is not sufficient for an agent to show that his efforts

were one of a chain of causes culminating in a sale. He must show that his efforts were the procuring cause. Real Estate Co. v. Real Estate Co., 144 Mo. App. 625. (3) It is not enough for the agent to put a customer on the track of property which the principal wishes to sell, or to put the principal on the track of a possible customer. The broker must bring the parties together. Lawrence v. Wier, 33 Pac. (Colo.) 646; Sievers v. Griffin, 13 Ill. App. 63; Walton v. McMorrow, 175 N. Y. 493, 67 N. E. 1090; Hamilton v. Gillender, 26 App. Div. (N. Y.) 156, 49 N. Y. S. 663; Wyckoff v. Bissell, 24 App. Div. (N. Y.) 66, 48 N. Y. S. 1018; Fraser v. Brown, 33 Misc. (N. Y.) 591, 67 N. Y. S. 966; McNulty v. Rowe, 28 Misc. (N. Y.) 523, 59 N. Y. S. 690.

*J. H.* and *W. E. Bailey* for respondent.

(1) It is a well-settled rule of law in this State that where an agent introduces the purchaser or discloses his name to the seller and through such introduction or disclosure negotiations are opened and the sale of the property is effected, the agent is entitled to his commission, though the sale is made by the owner. Merton v. Case Co., 99 Mo. App. 634; Tyler v. Parr, 52 Mo. 249; Henderson & Jones v. Mace, 64 Mo. App. 393; Boss v. Jacobs, 63 Mo. App. 396; Witzell v. Griffith & Wagoner, 41 Mo. App. 516; Bell v. Kaiser, 50 Mo. 150; Bassford v. West, 124 Mo. App. 248. (2) The agent is entitled to his commission if he is the procuring cause of the negotiations which resulted in the sale, even though the agent does nothing more than bring the parties together for purpose of negotiating and the negotiations are afterward conducted or concluded by the principal. Sallee v. McMurry, 113 Mo. App. 264. (3) The vendor cannot defeat the broker's right to a commission by conveying the property to a third person for the benefit of the customer. 19 Cyc. 263.

ROBERTSON, P. J.—Plaintiff sued the defendant in the circuit court and alleged two causes of action: one seeking to recover $130.19 on account of rents and insurance premiums collected by defendant for plaintiff, less a sum paid by defendant as the plaintiff's agent; and the second count sought to recover $190.10 on account of defendant's transactions in connection with plaintiff's pasture land in charge of the defendant.

Defendant admitted the indebtedness charged in the first count and interposed a general denial as to the second count, and by way of counterclaim defendant alleged that he was in the real estate business in Carthage, Missouri, and that the plaintiff listed with him for sale a certain tract of land consisting of 110 acres, and that he did thereafter procure a purchaser who bought said real estate, and asked judgment in the sum of $258.75.

Plaintiff replied to this counterclaim by a general denial and admitted that he was the owner of the land and alleged that he conveyed the same to a third party and that said third party conveyed the land to the purchaser produced by defendant, and that if the third party received the title from the plaintiff to said land for the purpose of conveying to the purchaser procured by the defendant there was no fraud in using the said third party as a conduit for the conveyance of the title to said land.

The land was sold at $85 per acre and it was agreed at the trial that the usual and customary commission in that locality was 5 per cent on the first thousand dollars of the purchase price of real estate and 2½ per cent on all the balance.

The trial was had to the court and the judgment was for the plaintiff on the first count of his petition for the full amount claimed, for the defendant on the second count of plaintiff's petition, and for the defendant on the counterclaim for the full amount sued

for, thus making a general judgment in favor of the defendant for the difference between the amount due from him to plaintiff on the first count and the sum due to him from plaintiff on the counterclaim.

Plaintiff in due time perfected his appeal to this court; and as there were no declarations of law asked by either of the parties and none given by the court, the case is here solely upon the insistence of appellant that under all of the testimony the judgment should have been for the plaintiff upon the counterclaim. The judgment of the trial court should not, therefore, be disturbed if there is evidence to support it. [Dolphin v. Klann, 246 Mo. 477, 151 S. W. 956, 959.]

The testimony discloses that the plaintiff listed his land with defendant at the price of $80 per acre about two years previous to the negotiations that led to this controversy. At that time there was a conversation as to the commission. Defendant advertised the land in his regular pamphlet or list, as he designated it. There were some efforts made by defendant to sell the land and in October, 1911, the prospective buyer involved in this case came to defendant's office and inquired about this particular tract of land and wanted to know if defendant had it for sale; defendant advised him that he had but stated that since it was listed with him so long prior and lands having advanced in value, he preferred to write to the plaintiff, who was then temporarily absent from Carthage, and told the prospective buyer that if he meant business he would take it up with the plaintiff immediately. The purchaser told him to get the best price and he would buy it if satisfactory. Defendant thereupon wrote to plaintiff advising him that he had a "real buyer" and asked him to make a price on the land. Plaintiff did not answer this letter but after about a week or ten days he arrived in Carthage and went immediately to the office of the defendant, where defendant told him that he had a "real buyer" for the land and advised

plaintiff that he wanted him to protect him in the regular commission, and also told plaintiff at that time that if they would get busy they could sell the place, and gave him the name of the prospective purchaser. Plaintiff then said that if he sold to the prospective purchaser he would protect the defendant in his commission.

In a few days thereafter plaintiff returned to the office of defendant and advised the defendant that the prospective purchaser had spoken to him about the purchase of the land and that they were going out to the land in a day or two as the prospective purchaser wanted to look it over again. In about a week thereafter plaintiff again came to defendant's office and told defendant that the prospective purchaser was coming to the office and that he had sold him the land at $85 per acre, provided the prospective purchaser would pay the defendant's commission. Defendant then advised plaintiff that he was not looking to the prospective purchaser for his commission, that his contract was not with the prospective purchaser but with plaintiff. The prospective purchaser did appear at defendant's office soon after this conversation between plaintiff and defendant and after the three there talked over the proposition the defendant said that he would be reasonable about his commission and in order to put the sale through would take a little less than the regular commission, offering to make it $150. The prospective purchaser said he would not pay more than $85 per acre for the land and the plaintiff said he could not sell him the farm.

Defendant testified that every time the prospective purchaser came to him he tried to perfect the sale and the prospective purchaser testified that he had been wanting this land for fifteen years and was never able to get it, and it is also apparent that plaintiff was, as above stated, wanting to sell. The plaintiff testified

that he was in the defendant's office every day while the negotiations were on for the sale.

There is considerable testimony in the case as to the transfer of this property by the plaintiff to some other party and by that party to the prospective purchaser procured by defendant; and giving the defendant the benefit of all presumptions and the most favorable construction of the testimony, it is apparent that this was in reality a sale to the prospective purchaser and that the plaintiff so understood it when he made the conveyance.

On this state of facts the plaintiff insists that the respondent was not the procuring cause of the sale and insists solely upon that proposition here, relying upon the principle of law as announced in the case of Bassford v. West, 124 Mo. App. 248, 257, 101 S. W. 610, that "it is essential that the broker should have been the procuring and efficient cause of the sale" to entitle him to his commission. Judge GOODE, who wrote the opinion in the Bassford case, says: "In all the cases we have found in which brokers recovered commissions for the sale of property, on proof of no other services in connection with the sale than finding and introducing the buyer to the owner, it appeared that the owner had previously placed the property in the hands of the agent to sell; that the latter had exerted himself to find a buyer and had found one, and brought him and the owner together with the result that a negotiation ensued which led to a sale. Both on principle and on cases of controlling authority, a broker earns his commission by introducing the customer under those circumstances, even though the bargaining and selling are done by the owner without further assistance from the agent." To the same effect, also, are the opinions in the following cases: Bass v. Jacobs, 63 Mo. App. 393; Merton v. J. I. Case

Co., 99 Mo. App. 630, 74 S. W. 434; and Wetzell & Griffith v. Wagoner, 41 Mo. App. 509.

Under the facts in this case we have no hesitancy in holding that the defendant was the procuring and efficient cause of the sale which was made of plaintiff's property and that he should be compensated therefor. The judgment is affirmed. All concur.