JOHN C. HENNING, Respondent, v. HOLBROOK-BLACKWELDER REAL ESTATE TRUST COMPANY, a Corporation, Appellant.*

St. Louis Court of Appeals.   Opinion filed November 3, 1925.

1. **INSTRUCTIONS: Real Estate Brokers: Sale of Lots: Commissions: Agent Procuring Purchaser: Instruction Not Erroneous.** An instruction that, if an agent procured a purchaser for one or more lots, and defendant, after refusing to make the sale and complete the transaction to said prospective purchaser, thereafter sold one or more lots to him, then the agent was entitled to a commission, *held* not erroneous, as authorizing the jury to find for the agent for commission on the sale of both lots, even though they might find that the agent's efforts were the procuring cause of the sale of only one of the lots.

2. ———: ———: ———: ———: **Evidence: Admissions: Instruction Not Erroneous for Failing to Require a Finding That Agent Was Procuring Cause of Sale.** Where the evidence of both the plaintiff and the defendant conceded that the defendant refused to sell to a prospective purchaser discovered and produced by plaintiff and, shortly afterwards, through other agents, sold to such prospective purchaser, an instruction as to plaintiff's right to a commission was not erroneous for failing to require a finding that plaintiff was the procuring cause of the sale.

3. **BROKERS: Real Estate Brokers: Commissions: Agent Procuring Purchaser Entitled to Commission.** Where an agent first discovers a purchaser, shows him the property and recommends it to his consideration, introduces him or discloses his name as a prospective purchaser to the principal, and in good faith follows up the transaction to its final consummation, he is entitled to his commission. though the efforts of the principal himself, or of other agents, may have also aided in influencing the consummation of the sale.

4. ———: ———: ———: **Agent Procuring Purchaser: Sale of Lots: Principal Consummating Sale: Agent Entitled to Commission.** Where the principal forestalls the agent in his efforts to consummate a sale, by refusing to sell to the prospective purchaser discovered by the agent, and afterwards opens negotiations with such prospective purchaser, and sells the property to him, the agent is entitled to his commission, the same as though he had been permitted to follow
218 Mo. App.—28.

up the deal to its final consummation, and in such case it is a matter of no concern whether the principal finally consummates the sale himself or does it through other agents.

*Headnotes 1. Brokers, 9 C. J., Section 130; 2. Brokers, 9 C. J., Sections 96, 130; Trial, 38 Cyc., p. 1667; 3. Brokers, 9 C. J., Sections 95 (Anno); 98 (Anno); 4. Brokers, 9·C. J., Sections 99, 130.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. M. Hartmann*, Judge.

AFFIRMED.

*Banister, Leonard, Sibley & McRoberts* for appellant.

(1) The court committed reversible error in giving, at the request of plaintiff (respondent), the instruction numbered 1, which told the jury, as a matter of law, that if plaintiff first solicited Garavelli to buy lots in Moorlands Park Subdivision and presented his name to defendant and if Garavelli thereafter bought lots in the subdivision from defendant or through its agency that then plaintiff was the procuring cause of the sale and entitled to a commission. The question whether plaintiff was the procuring cause of the sale was for the jury. (a) Whether defendant closed the sale itself. Reitz v. Aglebay, 251 S. W. 771; Russell v. Poor, 133 Mo. App. 723; Mead v. Arnold, 131 Mo. App. 214; or (b) Whether, as appellant contends, the sale was made by other brokers or agents. Schwabe v. Estes, 202 Mo. App. 372; Gamble v. Grether, 108 Mo. App. 340; Lane v. Cunningham, 171 Mo. App. 17. (2) The court erred in giving, at the request of the plaintiff, instruction numbered 2. This instruction is based on the same theory of law as that numbered 1, and while it may be right as to its abstract propositions, it is incorrect when applied to the facts in this case, as established by the uncontradicted evidence. Moreover, the instruction is erroneous, in

that it authorizes the jury to find for plaintiff for a commission on the sale of both lots, even though they might find plaintiff had influenced Garavelli to buy only one. (3) Instructions numbered 1 and 2 conflict with and are contradictory of the correct instruction numbered 3, which was given at the request of defendant, and the result of this must have been to confuse and mislead the jury. The court will presume that the jury followed the erroneous and misleading instructions. Russell v. Poor, 133 Mo. App. 728. (4) The court erred in refusing to give, when requested by defendant (appellant), at the close of all the evidence, the instruction in the nature of a demurrer to the evidence.

*Hall & Dame* for respondent.

(1) Plaintiff's instruction No. 1 properly expressed the law and properly defined "procuring cause" as applied to the evidence and admitted facts of this case. Corum v. Arnold, 156 Mo. App. 547; Reitz v. Oglebay, 251 S. W. 771; Hovey & Brown v. Aaron, 133 Mo. App. 573; Jenkins v. Kay, 224 S. W. 1028; Dodge v. Childers, 167 Mo. App. 448; Sallee v. McMurry, 113 Mo. App. 253; Merton v. J. I. Case Co., 99 Mo. App. 630; Ross v. Major, 178 Mo. App. 431; Hamilton v. Davison, 168 Mo. App. 620; Wright & Orison v. Brown, 68 Mo. App. 577; Hart v. Ehrhardt, 177 Ill. A. 145; Murray v. Miller, 112 Ark. 227, 166 S. W. 536; 9 C. J. 623. (2) Instruction No. 2 given at the instance of plaintiff is correct and warranted by the evidence. Garavelli was plaintiff's customer and plaintiff had the same right to commission on the sale of both lots as on one. If appellant had any valid complaint on this it was cured by appellant's instruction No. 3 with which instruction No. 2 is not in conflict, at least on this point. Sidebotham v. Spengler, 154 Mo. App. 11; Knisely v. Leathe, 256 Mo. 341; Authorities under point 1; 9 C. J. 596 et seq. (3) Instruction numbered 3, given for defendant (appellant), was more favorable to appellant than the law and facts war-

ranted, but of this appellant cannot complain. The latter instruction, in so far as it is correct, is not in conflict with the instructions given at the request of plaintiff. Hovey & Brown v. Aaron, 133 Mo. App. 573; Dodge v. Childers, 167 Mo. App. 448; Sallee v. McMurry, 113 Mo. App. 253. (4) The case was properly submitted to the jury. All authorities under our point 1.

SUTTON, C.—This action is for commission upon the sale of two lots in Moorlands Park Subdivision, St. Louis County. The cause was tried to a jury, there was a verdict and judgment for plaintiff for $755.81, including interest, and the defendant appeals.

The Moorlands Land Company was the owner of the subdivision, and the defendant was employed as the agent of the Moorlands Land Company to sell the lots in the subdivision.

The evidence for the plaintiff shows that in the fall of 1921, defendant employed the plaintiff as its agent to sell lots in the subdivision at a commission of seven per cent upon the sales made to purchasers procured by him; that afterwards plaintiff called on Joe Garavelli, who runs a catering establishment on DeBaliviere Avenue, and solicited him to purchase lots in the subdivision; that plaintiff made several engagements with Garavelli, and finally drove him out to the subdivision and showed him the lots; that Garavelli became interested in two lots "on the hill;" that he said he liked the lots and would like to have his wife go out and see them; that afterwards the plaintiff drove Garavelli and his wife out to the subdivision to look at the lots; that the following afternoon plaintiff called on Garavelli again; that Garavelli then told him that his wife liked the lots and asked plaintiff to get the price and terms on the lots; that thereupon the plaintiff brought the matter to the attention of the defendant's president, and he declined to sell to Garavelli because he was an Italian and a sale to him might be an influence against other sales in the subdivision; that this occurred the first part of December, or the latter part of

November, 1921; that about five weeks afterwards the plaintiff was informed by the president that the subdivision was going to be taken off the market temporarily; that the plaintiff was the first person who spoke to Garavelli about the subdivision or solicited him to purchase lots therein; that Garavelli knew nothing about the subdivision until the plaintiff talked to him about it; and that afterwards in May or June, 1922, the defendant through other agents sold to Garavelli for ten thousand dollars the two lots in which he had become interested at the solicitation of the plaintiff.

The defendant's president, testifying in behalf of the defendant, conceded that the name of Joe Garavelli was brought to him by the plaintiff as a prospective purchaser of the lots in question, and that he declined to sell to Garavelli, but insisted that he declined not on the ground that Garavelli was an Italian but on the ground that defendant had not employed plaintiff as its agent to sell lots in the subdivision and that the property was not ready to be put on the market because the improvements had not been started and financial arrangements had not been made to carry out the improvements. He also conceded that the lots were sold to Garavelli through other agents of defendant in the spring of 1922, without notice to the plaintiff.

The defendant assigns as error the giving of the following instruction for plaintiff:

"The court instructs the jury that if you find and believe from the evidence that the defendant, on or about the 1st day of December, 1921, employed the plaintiff to sell lots in Moorlands Park Subdivision, in St. Louis County, Missouri, upon an agreed commission of seven per cent (7%), and that the plaintiff thereafter, on or about December 8, 1921, procured a purchaser, one Joseph Garavelli, for one or more of the lots which plaintiff was so employed to sell, and that defendant, after refusing to make the sale and complete the transaction to said prospective purchaser, did thereafter sell one or more of said lots to said Garavelli on or about the — day

of June, 1922, then the plaintiff is entitled to receive a commission of seven per cent (7%) of the sale price of said lot or lots.''

The defendant insists that this instruction is erroneous in that it authorizes the jury to find for the plaintiff for a commission on the sale of both lots, even though they might find that the plaintiff's efforts were the procuring cause of the sale of only one of the lots. We are unable to see how the jury reading this instruction could have understood otherwise than that the plaintiff was entitled to receive a commission only on the sale price of the lot or lots for which plaintiff procured the purchaser. Besides, under the evidence it is manifest that if the plaintiff was the procuring cause of the sale of one of the lots he was also the procuring cause of the sale of both.

The court at the instance of the plaintiff gave to the jury the following instruction:

''The court instructs the jury that if the plaintiff first solicited a prospective purchaser, one Joseph Garavelli, to purchase lots in Moorlands Park Subdivision, and took or accompanied said Garavelli to the said subdivision and showed him said subdivision and the lots which he was solicited to buy, and brought the name of said Garavelli to the defendant, or its manager or officers, as a prospective buyer, then if the said Garavelli did thereafter purchase said lot or lots from defendant, or through its agency, in said subdivision, you are instructed that plaintiff was, for the purpose of his employment or agency with the defendant, if you find there was such employment or agency, the procuring cause of said sale, and is entitled to commission in accordance with the provisions of his contract or agency, if you find there was such a contract or agency.''

The defendant complains that this instruction is erroneous in that it dispenses entirely with the question as to whether or not plaintiff was the procuring cause of the sale. Ordinarily, in suits of this character this question is for the jury, but inasmuch as the evidence for both plaintiff and defendant in this case concedes that de-

fendant refused to sell to the prospective purchaser discovered and produced by plaintiff, and shortly afterwards through other agents sold to such prospective purchaser, we think the instruction as given correctly declares the law of the case. The instruction hypothesizes the employment of plaintiff, the discovery and solicitation by him of Garavelli as a prospective purchaser of the lots, the showing of the lots to Garavelli, the disclosure of his name as a prospective purchaser to the defendant, and the subsequent sale of the lots to him. The instruction does not hypothesize the refusal of the defendant to sell, but this fact is conceded, and what is conceded need not be hypothesized. Under the facts hypothesized and the fact conceded the plaintiff is entitled to his commission, and we see no reason why it was not proper to so advise the jury rather than leave them to speculate concerning the matter. [Corum v. Arnold, 156 Mo. App. 547, 137 S. W. 622; Hovey & Brown v. Aaron, 133 Mo. App. 573, 113 S. W. 718; Reitz v. Oglebay, 213 Mo. App. 611, l. c. 616, 251 S. W. 771; Dodge v. Childers, 167 Mo. App. 448, 151 S. W. 749; Jenkins v. Kay, — Mo. App. —, 224 S. W. 1028, l. c. 1030; Merton v. J. I. Case Co., 99 Mo. App. 630, 74 S. W. 434; Hamilton v. Davison, 168 Mo. App. 620, l. c. 625, 153 S. W. 277; Bassford v. West, 124 Mo. App. 248, l. c. 257, 101 S. W. 610; Wright & Orrison v. Brown, 68 Mo. App. 577; Brown & Fenwick R. E. & Abs. Co. v. Marks, —Mo. App. —, 226 S. W. 55.]

We do not understand the cases to hold that an agent for the sale of real estate, though he have not the exclusive agency, must be the sole procuring cause of the sale in order to entitle him to his commission. If the agent first discovers the purchaser, shows him the property and recommends it to his consideration, introduces him or discloses his name as a prospective purchaser to the principal, and in good faith follows up the transaction to its final consummation, he is entitled to his commission, though the efforts of the principal himself or of other agents may have also aided in influencing the consummation of the sale. If, however, the principal forestalls the

State ex rel. v. Holtcamp.

agent in his efforts to consummate the sale, by refusing to sell to the prospective purchaser discovered by the agent, and afterwards opens negotiations with such pro- spective purchaser and sells the property to him, as in this case, the agent is entitled to his commission the same as though he had been permitted to follow up the deal to its final consummation, and in such case it is a matter of no concern whether the principal finally con- summates the sale himself or does it through other agents. If this were not so, it would become an easy matter for the principal to escape the payment of the agent's com- mission, while enjoying the fruits of his labors.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.