229 S.W.2d 298 (1950)
LE COMPTE
v.
SANDERS et al.
No. 6876.
Springfield Court of Appeals. Missouri.
April 17, 1950.
*299 John O. Sanders, Cassville, for appellant.
James E. Sater, Monett, for respondents.
VANDEVENTER, Presiding Judge.
On the 29th day of September, 1948, plaintiff, J. W. LeCompte, filed a petition with the circuit clerk of Barry County, Missouri alleging that on the  day of September, 1948, he was the owner of a certain described piece of real estate. That desiring to sell it, he verbally listed it with John O. Sanders, a licensed real estate broker, and also with Arthur Henbest, another licensed real estate broker, but that neither of these listings was exclusive. That Sanders obtained a prospective purchaser for the property and attempted to negotiate a sale to him, but failed to complete it. That later Henbest obtained the same prospective purchaser and the property was sold to him. LeCompte further alleged that Sanders and Henbest were each claiming a broker's commission for effecting the sale. That the real estate sold for the sum of $4,450.00 and that he is ready and willing to pay a five percent commission amounting to $222.50, that sum was tendered into court and the prayer was that the court determine to whom the commission belongs.
*300 Henbest filed an answer admitting the allegations of the petition but further alleging that he is entitled to the commission because the sale was made through his efforts, influence and procurement and that Sanders did not and could not sell the property mentioned in plaintiff's petition. Henbest prayed the court to adjudge that he was entitled to the commission.
Sanders filed an answer stating that on September 1, 1948, he was a licensed broker, that LeCompte's property was listed with him for sale at the price of $4,850.00; that LeCompte had promised to pay him a five percent commission if he could procure a buyer ready, able and willing to buy it; that he did procure such a buyer, took the prospective purchaser to examine the property and that he was the first one to show the property to him. That he then took the purchaser to LeCompte and that the purchaser and LeCompte discussed the selling price and terms; that they failed to agree on that day and the negotiations were continued over until the next.
Sanders further alleged that on the same afternoon that he exhibited the property to the prospective purchaser and brought him in contact with the seller, LeCompte, Henbest took the same prospective purchaser to LeCompte, who sold him the property and that inasmuch as he (Sanders) produced the purchaser ready, willing and able to purchase and that he did purchase the property, that he is entitled to a commission and he asked the court to adjudge him to be entitled to five percent of the amount for which the property was sold.
There was no reply or other pleading filed to the answers of Sanders or Henbest and upon the petition and two answers, the case went to trial. It resulted in a jury verdict for Henbest upon which the court rendered judgment.
The material facts in this case are uncontradicted. On the first day of September, 1948, Sanders was a licensed real estate dealer in Cassville, Missouri and one Omer Enloe came to him and asked him if he had a certain kind of property for sale. Sanders informed him if he would wait a while until he could make an investigation, he thought he had some property, or would have some, in which the buyer would be interested. Sanders then went to LeCompte, asked if his property was for sale, asked him his price and told him he had a prospective customer. LeCompte told Sanders that it was for sale, that he would take $4,850.00 for it, and pay him a five percent commission on the selling price. Sanders then went back to Enloe, took him out to the property, showed it to him, then took him to LeCompte, and introduced him, told him he was the prospective purchaser, that he had mentioned and suggested that they get together on the deal. Enloe offered LeCompte $4500.00 for the property, which LeCompte at that time refused to take, insisting that he should have $4,850.00. At this, negotiations were broken off for the time being. That afternoon, very shortly after the conference with LeCompte, Henbest appears upon the scene. He went to the home of Enloe's father, where Enloe was stopping, and talked to Enloe's wife, Enloe having gone fishing. The next morning Henbest takes Enloe to LeCompte and after some negotiations, in which Henbest actively participated, LeCompte sells the property to Enloe for $4,450.00, fifty dollars less than Enloe had offered him for it the previous day when he had come to LeCompte's office accompanied by Sanders. When Henbest took Enloe to LeCompte's office, he knew that Sanders had already discovered Enloe as a prospective purchaser, had taken him to the property and exhibited it to him and had previously taken him to LeCompte's office where they had entered into negotiations for its purchase. LeCompte immediately recognized Enloe as the man that Sanders had produced the day before but proceeded with the sale to Enloe on the solicitation of broker Henbest. LeCompte had not revoked or attempted to revoke the authority given to Sanders to sell the property. Shortly thereafter Sanders had a conversation with Henbest about the property and learned of the completed transaction. Sanders claimed his entire commission as he had procured a purchaser ready, able and willing to buy and who had actually purchased. Henbest then offered *301 Sanders half of his commission, which Sanders promptly and emphatically refused on the ground that he was entitled to his entire commission of five percent.
The seller, the buyer, both brokers and other witnesses testified in the case.
At the close of all the evidence, Sanders filed a motion for a directed verdict in his favor which the court refused. The case was submitted to a jury and they returned a verdict in favor of Henbest and against Sanders and found "that the defendant, Arthur Henbest was the efficient and procuring cause of the sale to the purchaser Omer Enloe of plaintiff's property."
The plaintiff denominates his cause of action as a petition for a declaratory judgment but it was tried upon the theory that it was an action in the nature of a bill of interpleader, see John A. Moore & Co. v. McConkey, Mo.App., 203 S.W.2d 512. Roberts v. Griggs, Mo.App., 210 S.W.2d 753, and inasmuch as the parties adopted that theory, we shall do likewise.
The law is well settled in Missouri that where the owner of real estate places it in the hands of a broker for sale and the broker procures a purchaser who is ready, able and willing to purchase upon the terms named by the owner, or which he thereafter agrees to accept, the broker is entitled to his commission. Axsom v. Thompson, 239 Mo.App. 732, 197 S.W.2d 326; Prugh v. Tyrrell, 208 Mo.App. 582, 235 S.W. 143; Ross v. Major, 178 Mo.App. 431, 163 S.W. 880; Wetzell & Griffith v. Wagoner, 41 Mo.App. 509. And it makes no difference if the consummation of the transaction is completed by the seller and purchaser alone or with the assistance of another broker. Julius Haller Realty Co. v. Jefferson Gravois Bank, Mo.App., 144 S.W. 2d 174; Studt v. Leiweke, Mo.App., 100 S.W.2d 30; Applegate v. Danciger, Mo. App., 2 S.W.2d 635; Kyle v. Kansas City Life Ins. Co., 356 Mo. 331, 201 S.W.2d 912; Moseley-Comstock Realty Co. v. McClelland, Mo.App., 294 S.W. 103.
Sanders had broken the ground, had sown the seed, had tilled the crop. He had "borne the burden and heat of the day" in working up to the sale. Nothing remained but the harvest. Henbest appears at the eleventh hour, LeCompte reduces the price, and they consummate the sale to the purchaser procured by Sanders. Henbest asks for the reward because he attended the harvest. This, the law does not countenance. Hovey & Brown v. Aaron, 133 Mo. App. 573, 113 S.W. 718.
The rule is clearly stated in Henning v. Holbrook-Blackwelder Real Estate Trust Co., 218 Mo.App. 433, 277 S.W. 62, 63, where it is said: "We do not understand the cases to hold that an agent for the sale of real estate, though he have not the exclusive agency, must be the sole procuring cause of the sale, in order to entitle him to his commission. If the agent first discovers the purchaser, shows him the property, and recommends it to his consideration, introduces him or discloses his name as a prospective purchaser to the principal, and in good faith follows up the transaction to its final consummation, he is entitled to his commission, though the efforts of the principal himself or of other agents may have also aided in influencing the consummation of the sale. If, however, the principal forestalls the agent in his efforts to consummate the sale, by refusing to sell to the prospective purchaser discovered by the agent, and afterwards opens negotiations with such prospective purchaser, and sells the property to him, as in this case, the agent is entitled to his commission, the same as though he had been permitted to follow up the deal to its final consummation, and in such case it is a matter of no concern whether the principal finally consummates the sale himself or does it through other agents. If this were not so, it would become an easy matter for the principal to escape the payment of the agent's commission, while enjoying the fruits of his labors."
When one laborer (Sanders) has shaken the tree, another (Henbest) will not be permitted to run up and carry away the fallen fruit; and if the owner (LeCompte) allows it to be done, he must compensate the one who shook the tree, and brought it down. Brennan v. Roach, 47 Mo.App. 290.
*302 The undisputed facts in this case show that the property was listed for sale with Sanders, a licensed real estate broker, that he procured a purchaser who was ready, willing and able to buy and that he did buy the property upon terms fixed by the seller. It is of no consequence that LeCompte reduced the price first quoted to Sanders. If the owner of real estate could relieve himself of his obligation to pay the broker his commission by pricing it at one amount, and later selling it at a slightly reduced price, to a purchaser produced by his broker, then every agreement with a broker could be abrogated by the unjust or fraudulent act of the seller. Annotations 128 A. L.R. 430, 43 A.L.R. 1104; Wetzell & Griffith v. Wagoner, 41 Mo.App. 509; Hovey & Brown v. Aaron, 133 Mo.App. 573, 113 S. W. 718; Julius-Haller Realty Co. v. Jefferson Gravois Bank, Mo.App., 144 S.W.2d 174.
In the case last cited, the plaintiff had secured a purchaser for the property and while the prospective purchaser and owner were negotiating as to the sale, another broker appeared and by agreeing to cut his commission, was able to consummate the deal at a lower figure. It was held that the original broker was entitled to his commission. In this case Sanders offered to show that LeCompte admitted that Henbest was cutting his commission to $150.00 and that was the reason for the sale, but the court refused his offer. But whatever the cause, it is passing strange that LeCompte would agree to take $50.00 less than he had been offered by Enloe the day before. The evidence contains no explanation of this singular fact.
As was said in Rowland v. Progressive Investment Co., Mo.App., 202 S.W. 257, 258: "If the defendant, while plaintiff's authority to sell stood unrevoked, chose to sell the property to a customer procured by the efforts of plaintiff for a less price than that which plaintiff was authorized to offer, that was its privilege, but it could not be permitted to reap the efforts of plaintiff's labor and then deny him his just reward."
LeCompte cannot very well deny that Enloe was ready, able and willing to purchase, for he actually closed the deal with him. Under these circumstances, Sanders was not even required to prove it. Harvey v. Francisco, Mo.App., 35 S.W.2d 366; Knisely v. Leathe, 256 Mo. 341, 166 S.W. 257, loc. cit. 267; Glassman v. Fainberg, Mo.App., 35 S.W.2d 950; Wright v. Brown, 68 Mo.App. 577; Isaac T. Cook Co. v. Craddock Terry Co., Mo.App., 109 S.W.2d 731. The trial court should have directed a verdict for defendant Sanders at the close of all the evidence.
Ordinarily in a dispute of this character it is a question for a jury or the trial court as to which broker is entitled to the commission, the same being dependent upon which was the efficient and procuring cause of the sale. But where there is no dispute as to the facts, where both sides in their testimony agree to them, it becomes a question of law to be decided by the court. It is our duty to order the trial court to enter such judgment as we think it should have entered, and unless justice requires otherwise, we should finally dispose of the case to the end that litigation may not be unduly prolonged. Axsom v. Thompson, 239 Mo.App. 732, 197 S.W.2d 326.
The whole case seems to have been tried upon the theory that only one commission could under any circumstances have been due and that the commission involved was the one claimed by Sanders. Whether this is true would, of course, depend upon the contract between Henbest and LeCompte. It is entirely conceivable that under the contract between LeCompte and Henbest, the plaintiff might also be liable to him for a commission but as the case was not tried upon that theory, we need express no opinion thereon.
Appellant complains (and with good reason) of instructions 1, 2, 3, and 4 given for defendant Henbest and for the failure of the court to give instruction C requested by him. From the view we take of the case there is no need to pass upon those questions.
*303 Respondent Henbest has filed a motion to dismiss appellants' appeal for failure to comply with Supreme Court Rule 1.08. It is asserted that the appellant has failed to make a fair and concise statement of the facts and that it contains conclusions and argument, that his assignment of errors is not stated clearly and concisely and that his points, authorities and argument are intermingled. There is much merit in this motion but after due consideration, we have decided the interests of justice demand that we decide the case upon its merits and for that reason, the motion to dismiss is overruled. No brief has been filed in behalf of respondent, Henbest.
The judgment of the trial court should be reversed and the cause remanded to the trial court with directions to render a judgment for defendant Sanders in accordance with this opinion. It is so ordered.
BLAIR and McDOWELL, JJ., concur.