## M. B. SUNBURY, Respondent, v. EDWARD AARON, Appellant.

### Kansas City Court of Appeals, February 1, 1909,

1. **CONTRACTS: Sale of Game: Agency: Performance.** A contract for the sale and purchase of game from a certain preserve during a certain period was in process of negotiation between the principals; their agents, however, began to execute the contract by selling, delivering and accepting the game before the negotiations were fully consummated. *Held*, on the evidence that the performance was on the basis stated in the contract being negotiated and the parties acted on that view.

2. ————: **Execution: Performance: Validity.** Though a written contract be not signed by one or both of the parties, yet acceptance by one of performance by the other will give validity to the instrument and impose on the acceptor corresponding obligation provided therein.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*M. B. Aaron* for appellant.

(1) Where the parties make the reduction of the contract to writing and its signature by them, a condition precedent to its completion, it will not be a contract until that is done; and this is true although all the terms of the contract have been agreed upon. Eads v. Carondelet, 42 Mo. 113. (2) The draft of the contract prepared by defendant was the proposal. It contained the condition that it must be signed and returned at once. This condition not having been complied with by the plaintiff, there was, therefore, no acceptance and no contract. This is especially true where the time for acceptance is limited. Brewer v. Lepman, 127 Mo. App. 693; James & Sons v. Fruit Jar & Bottle Co., 69 Mo. App. 209; Metropolitan Land Co. v.

Manning, 98 Mo. App. 248; Maclay v. Harvey, 90 Ill. 525; Bruner v. Wheaton, 46 Mo. 366; Wire Mfg. Co. v. Broderick, 12 Mo. App. 384; Cangas v. Mfg. Co., 37 Mo. App. 307. (3) The correspondence of the parties shows without question that the draft of the contract prepared and forwarded by defendant to plaintiff, as a proposal, did not embody plaintiff's understanding of the agreement, and that he was unwilling to sign and be bound by the terms of the draft of contract until the same was modified in accordance with his demands. There was, therefore, no meeting of the minds and no such acceptance as would in law constitute a binding contract. Egger v. Nesbitt, 122 Mo. 667; Eads v. Carondelet, 42 Mo. 113; Robinson v. Railroad, 75 Mo. 498; Cangas v. Mfg. Co., 37 Mo. App. 307; Strange v. Crowley, 91 Mo. 295. (4) Plaintiff, having by his letter of October 1st, declined to accept the proposal embodied in the draft of contract forwarded to him by defendant, thereby rejected the proposal and he could not subsequently accept it and bind defendant. Egger v. Nesbitt, 122 Mo. 667; Taylor v. Williams, 45 Mo. 80; Strange v. Crowley, 91 Mo. 294.

*Joseph P. Fontron* and *Daniel O'Byrne,* for respondent, filed argument.

JOHNSON, J.—Action on a contract brought before a justice of the peace. A jury was waived in the circuit court, where the cause was tried on appeal, and judgment was rendered for plaintiff in the sum of $65.38. Defendant appealed.

In 1904, plaintiff lived in Hutchinson, Kansas, and was the sole owner of the hunting privileges on certain lakes and marshes west of Hutchinson. Defendant lived in Kansas City and was a dealer in poultry and game. It is alleged in the statement filed with the justice that on or about September 17, 1904, plaintiff and defendant entered into a written contract by the terms of which plaintiff agreed to sell and defend-

ant to purchase, at stated prices, all of the wild ducks shot by plaintiff and his subhunters on the lakes and marshes controlled by plaintiff, during the season ending January 1, 1905; that pursuant to the contract, plaintiff, prior to October 25, 1904, delivered to defendant the ducks thus obtained and that defendant failed to pay the full contract price for the ducks and is indebted to plaintiff in the sum of $61.50.

It appears from the evidence that between September 17th and October 29, 1904, defendant, through an agent stationed by him at the hunting grounds, purchased all the ducks shot by the subhunters of plaintiff and paid them the prices they were to receive under their contracts with plaintiff, which prices were less than plaintiff was to receive from defendant under the terms of the written contract pleaded. It is not denied by defendant that he would be indebted to plaintiff in the amount for which judgment was rendered if the written contract were in force at the time the game was delivered, but he contends that the contract was not then in force and that in buying the game from the subhunters at the price demanded by them, he incurred no obligation to plaintiff, the owner of the hunting rights.

Defendant wrote the contract at Kansas City, signed it and mailed it to plaintiff on September 17, 1904. In the correspondence that followed, plaintiff asked for an explanation of a portion of the contract and the instrument was not signed by plaintiff and returned to defendant until October 23rd. In the meantime, the hunting season began and defendant, with the full knowledge and approbation of plaintiff, obtained the game from the hunters on the understanding, disclosed by all the facts and circumstances in evidence, that defendant would settle with plaintiff on the basis stated in the contract. In other words, both parties acted as though the contract were in force and were in the course of the performance of its terms when

it finally was signed by plaintiff and delivered to defendant.

The rule is well settled that although a written contract be not signed by one or both of the parties, the acceptance by one of performance by the other will give validity to the instrument and impose on the acceptor the corresponding obligation provided therein. [American Pub. & Eng. Co. v. Walker, 87 Mo. App. 503; Stone v. Pennock, 31 Mo. App. 544.] The declarations of law given by the learned trial judge show that he entertained the proper view of the law of the case and since his finding of the facts is abundantly supported by evidence, the judgment should be affirmed. It is. so ordered. All concur.