Jos. P. Veale, Appellant, v. Caroline Bourne, Respondent.—30 S. W. (2d) 793.

Springfield Court of Appeals. August 25, 1930.

*Thos. W. Martin* and *E. L. Moore* for appellant.

BAILEY, J.—This is an appeal from a judgment for attorney fees growing out of an attachment suit. The record shows that plaintiff filed suit the 5th day of August, 1929, on a note, and also filed his affidavit for attachment, without bond, alleging as one of the grounds for attachment that defendant was a non-resident of the State of Missouri. Thereafter defendant entered his appearance, filed his answer and also a plea in abatement seeking the dissolution of the attachment. At the September term, 1929, the case coming on for trial, defendant announced ·ready and the court ordered that the case proceed to trial; but plaintiff, not deeming it trial term, was not ready and thereupon dismissed said cause, together with the attachment. Whereupon the court heard evidence on the value of defendant's attorney fees and entered an order and judgment taxing the sum of $50 in favor of defendant for defending the suit. Plaintiff has appealed from this judgment.

Error is assigned by reason of the trial court's action in hearing evidence on the value of defendant's attorney fees and in taxing $50 against defendant.

It is urged that the court had no power to tax attorney fees as costs on motion when the attachment was dissolved. We must uphold this contention. Such proceeding is not authorized by our at-

tachment statute. Under section 1729, Revised Statutes 1919, a plaintiff may file a suit by attachment against a non-resident without giving bond as required in other cases. The section further provides that where such suit is without bond, the attachment shall be dissolved as of course upon such non-resident defendant entering his appearance and filing his answer. But no provision is made for taxing expenses or attorney fees upon such dissolution. Even when a bond is given, the statute provides for suit thereon, and it is evident that the lawmakers did not contemplate permitting the taxing of defendant's attorney fees against plaintiff on mere motion of defendant in the original suit, when defendant should be successful. Defendant's remedy in such cases is by a separate suit on the bond for special damages. [Secs. 1735 and 1766, R. S. 1919; State to use of Russell v. Fargo, 151 Mo. 280, 52 S. W. 199; State ex rel. Rigby v. Goodhue, 74 Mo. App. 162.]

Moreover, if such damages were recoverable on motion in the original suit, plaintiff would be denied the right of set-ff provided by section 1736, Revised Statutes 1919. Certainly defendant should be entitled to no greater rights in the recovery of damages in a suit where no bond is given than he would be if bond had been required. His remedy is against defendant by separate suit. Upon dismissal of plaintiff's cause of action ordinary costs should be taxed against plaintiff as in other cases. But the attachment law makes no provision for taxing attorney fees as costs.

We therefore hold the court erred in taxing such costs against defendant. The judgment is reversed. *Cox, P. J.,* and *Smith, J.,* concur.