**UNITED FARM AGENCY**

v.

**HOWALD et al.**

No. 28747.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1954.

890

Roy Hamlin, Hannibal, for appellants.

Onie D. Newlon, New London, Robert E. Crist, Fred C. Bollow, Shelbina, for respondent.

WOLFE, Commissioner.

This is a suit to recover a commission of 10% on the sale of real estate and personal property, brought by the agent claiming the commission, against the defendants whose property was sold. At the close of all the

evidence there was a directed verdict for the plaintiff and from the resulting judgment the defendants prosecute this appeal.

The petition alleged that the defendants owned a farm of 120 acres in Ralls County, Missouri, and that on the 14th day of August, 1951, they desired to sell the property and entered into a contract with the plaintiff company whereby they agreed to pay to the plaintiff a 10% commission on the sale price of the land and any personal property sold if a purchaser was procured by the plaintiff. The contract also provided that a commission of 5% would be paid to the plaintiff if a sale was made to a purchaser procured through the owners' own efforts or through another agent. It was further pleaded that the plaintiff thereafter did procure a purchaser who bought the real estate for $4,000 and purchased personal property of the value of $1,705. The prayer of the petition was for a judgment in the amount of $570.50, which is 10% of the total sale price. There was an alternative prayer for one-half of the above amount if it should be found that the purchaser had not been procured by the plaintiff.

The defendants by their answer denied all the allegations of the petition but admitted that they signed a "paper" in the plaintiff's office, asserting that it was without consideration, was abandoned by all parties, and was void. They further alleged that "they sold their property without any help from the plaintiff".

The defendants also filed a counterclaim stating that the plaintiff had caused an illegal attachment of the defendants' bank account, but a motion to strike the counterclaim was sustained by the court and it was stricken.

As to the evidence on behalf of the plaintiff the first witness was a Mr. Ralph Myers, who was its agent in Monroe City, Missouri. He testified that Mr. and Mrs. Howald, the defendants, came to his office on August 14, 1951, and executed a contract designating the United Farm Agency as agent for the sale of their farm. This contract attached to the petition and offered in evidence provided for a payment of 10% commission to the plaintiff when a purchaser, who would purchase the farm at the price of $4,000, was procured through the plaintiff. It also provided that a like commission would be paid on the sale price of any personal property sold to such purchaser. Myers stated that the contract signed was unaltered in any way except that there had been written on the bottom of it some information to be used in advertising the farm. Myers also testified that on September 6 a Mr. and Mrs. Dreon came to his office for the purpose of buying a farm and he told them of the Howald place. They returned the next day and he went with them to the defendants' farm. He introduced the Dreons to the Howalds and they all looked over the farm. The Dreons were also interested in a farm near Shelbyville and Mr. Myers sent them to look at it.

Dreon, called as a witness by the plaintiff, testified that he had a catalogue of the United Farm Agency and that he and his wife were looking for a farm. In furtherance of this they called upon Mr. Myers, who told them about the Howald place and offered to go out with them and show it to them. The next day they returned to Myers' office and he went with them to the farm. After they arrived there they were introduced to the Howalds and looked over the place. This was all that occurred at that time, but the Dreons returned to the farm on two later occasions and discussed the purchase of the farm with the Howalds. These discussions resulted in them coming to an agreement on September 12 to purchase the place for $4,000, the price at which it was listed, and to also purchase some livestock, household goods and other personal property for $1,705. The transaction was closed by the parties on September 12 before a notary.

The defendants' evidence varies in no material matter from that of the plaintiff. Mr. Howald testified that he first met the purchasers when they came out with Mr. Myers to look at the farm, but he maintained that since he closed the sale without Myers' assistance he owed no commission to the plaintiff.

■ It is first contended that the court erred in directing a verdict for the plaintiff and the defendants set out several matters that they consider to be questions of fact which should have been determined by the jury. Of course, there can be no doubt that where all of the evidence leaves no issue of fact for determination there is nothing for a jury to decide and the court which is charged with determining questions of law must then direct a verdict. Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 105 A.L.R. 1063; Morgan v. Kroger Grocery & Baking Co., 348 Mo. 542, 154 S.W. 2d 44; Cox v. Higdon, Mo.App., 67 S.W.2d 547; Nash v. Normandy State Bank, Mo. Sup., 201 S.W.2d 299.

As this applies to such matters as are before us, it was said in LeCompte v. Sanders, Mo.App., 229 S.W.2d 298, loc. cit. 302:

"Ordinarily in a dispute of this character it is a question for a jury or the trial court as to which broker is entitled to the commission, the same being dependent upon which was the efficient and procuring cause of the sale. But where there is no dispute as to the facts, where both sides in their testimony agree to them, it becomes a question of law to be decided by the court."

■■ However, defendants assert that there were issues of fact for determination and the first of these was "whether or not the sale was consummated by the sole efforts of the respondent". It at once becomes evident that if the plaintiff was obliged by its sole efforts to consummate the sale it would not be entitled under the evidence here to a judgment, for it is without dispute that the actual consummation of the sale was made by the defendants. However the rule in this state is that a real estate broker is entitled to his commission on the sale of real estate when he shows himself to be the procuring cause of the sale, though the owner finally consummates the sale himself. LeCompte v. Sanders, supra; Chamberlain v. Amick, Mo.App., 210 S.W.2d 528; Studt v. Leiweke, Mo.App., 100 S.W.2d 30; Mack v. Mohler, Mo.App., 52 S.W.2d 188; Meredith v. Martin, Mo.App., 9 S.W.2d 860.

There is no dispute as to who procured the purchaser. The defendants never heard of the Dreons until Myers showed them the farm, and within a week after the farm was shown to them they purchased it. The fact that they dealt directly with the owners and did not return to Myers' office after their first visit with him to the farm cannot deprive the plaintiff of its right to a commission since Myers procured the purchaser. It follows that upon this point there was no issue of fact to be determined.

■ It is urged that the jury should have been allowed to determine "whether or not the respondent was entitled to 10% or 5%, or nothing at all". As stated the contract provided for the payment of 10% if a purchaser was procured by the plaintiff and 5% if a purchaser was procured by the seller or another agent during the term of the contract. There is no evidence that the defendants procured the purchaser. Defendant Howald's testimony is directly to the contrary, so no such factual issue was present and the plaintiff was entitled to a 10% commission.

■ It is also asserted that the jury should have been allowed to pass upon the question of allowing a commission on the sale of personal property because the plaintiff did not know of the personal property that defendants owned, but the contract provided for the payment of a commission on the sale of any personal property sold to a purchaser procured by the agent. Again no issue of fact was present.

■■ The last matter that the defendants consider a jury question is whether or not the contract sued upon was the same as the contract that the defendants signed. There was no denial by answer that the contract was signed as required under Section 509.240 RSMo 1949, V.A.M.S., and it is therefore deemed confessed under that statute. Neither was there any averment in the answer that the contract had been altered. Regardless of this, however, the only change that the defendants seem to complain about has to do with the notes written below the defendants' signatures

about advertising material and this in no way affects the terms of the contract. Since none of the propositions advanced presented issues of fact, the court properly directed a verdict for the plaintiff.

■ The defendants claim that the court erred in striking their counterclaim by which they sought damages by reason of an attachment levied against their bank account. There apparently had been a motion in the nature of a plea in abatement filed and evidence heard after which the court denied the motion. These facts we gather from the objections of counsel and remarks of court but there is no evidence of record on the question. Actions by attachment are under Chapter 521, RSMo 1949, V.A.M.S., and there is no provision for the award of damages for wrongful attachment in the trial of the attachment suit. Damages may be recovered only by a separate action and this after the defendant has prevailed. Sections 521.110, 521.420 RSMo 1949, V.A. M.S.; Veale v. Bourne, 224 Mo.App. 614, 30 S.W.2d 793. The court therefore did not err in striking the counterclaim.

■ The only other point raised which is not covered by that which is above stated is that there was no proof that the plaintiff was a corporation entitled to sue in the State of Missouri. The petition in the first paragraph stated that the plaintiff is a corporation organized under the laws of Missouri, and the answer of the defendants as it related to that paragraph stated that the defendants were without information about the matter and asked that strict proof be made thereof. It is provided under Section 509.080 RSMo 1949, V.A.M.S., that such an averment has the same force and effect as a denial. But a mere denial is not sufficient to put in issue the corporate existence of the plaintiff or its right to sue. If a defendant wishes to make an issue of such matters he is obliged to "do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Section 509.140 RSMo 1949, V.A.M.S. Since the issue was not raised by the pleadings no proof of the corporate existence of the plaintiff was required.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM:

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

ANDERSON, P. J., BENNICK, J., and HOLMAN, Special Judge, concur.