Ernest O. BRANDT, Substitute Trustee for A. E. Van Kirk (deceased), Plaintiff-Respondent,

v.

Jack BEEBE, Defendant-Appellant.

No. 22999.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

Joe E. Burris, Kansas City, for appellant.

John J. Manning, Kansas City, for respondent.

BROADDUS, Judge.

This action was instituted by A. E. Van Kirk, a former employee of the defendant, on his own behalf and as trustee for sixteen other former employees of defendant. Trial by a jury on October 14, 15, and 16, 1958, resulted in a verdict and judgment for the plaintiff in the sum of $1,266.85. Defendant, Jack Beebe, appealed. After the transcript was filed in this court, plaintiff, Van Kirk, died, and, upon motion this court ordered that Ernest O. Brandt be substituted as plaintiff-respondent.

In this action plaintiff sought to recover earned vacation pay alleged to be due said employees under a labor contract. The evidence disclosed that the defendant had for a number of years been a member of the Motor Car Dealers Association of Greater Kansas City. This association through its labor committee, of which defendant was a member, bargained with Automotive Lodge 778 of the Machinists, and Local 552 of the International Brotherhood of Teamsters for its membership concerning the terms and conditions of employment of member employees. Upon reaching an agreement, the understanding of the parties was reduced to writing. The written instrument was then to be signed by each individual motor car dealer. Defendant had executed such agreements from the time he took over the business in 1951, and his predecessors in this particular shop had also been parties to these contracts.

Defendant in writing authorized the Association's Labor Committee to bargain for his shop over the terms of employment for the period 1956 through 1958. These negotiations led to the drafting of a contract retroactively effective, covering the period from July 15, 1956, to July 15, 1958. The contract was signed by the Union representatives and delivered to the secretary of the motor car dealers association for signature by the individual dealers. When it was ascertained that defendant had not signed the contract, the Union's representatives, W. C. Seiger and A. B. Enloe, went to see defendant. In effect, their testimony was that defendant agreed to be bound by the terms and conditions of the contract. He told them that he was having some difficulty with the factory and that "he would rather not sign" the contract but that "he would live up to all of its terms." They called his particular attention to paragraph 43a of the contract which related to vacation pay. He said to them that "we had nothing to worry about, any vacation pay owed to these people, they would get it." While admitting that Enloe and Seiger came to his office to see him, defendant denied that he told them that he would abide by the contract. The testimony shows that defendant paid the new wage rates as provided for in the 1956–1958 written contract, and that he also paid the Labor Day holiday pay called for in the contract.

Defendant sold the business and turned over the operation thereof to the purchaser effective November 1, 1956. Defendant did not pay pro rata vacation pay as provided in Section 33 through 43a of the written contract. The employees then appointed Van Kirk as their trustee who thereupon instituted this action in their behalf.

Defendant's first point is that "plaintiff failed to make a submissible case because under the pleadings and proof he failed to establish a valid trust with himself as trustee for which reason he is not the real party in interest and the trial court erred in not directing a verdict" for defendant. What the contention really amounts to is a challenge of the capacity or authority of plaintiff to maintain this action.

Our statute (Section 509.140 RSMo 1949, V.A.M.S.) provides that when a person desires to raise an issue as to the capacity of any party to sue, or the authority of a party to sue in a representative capacity "he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

In paragraph 2 of his petition plaintiff alleged the capacity in which he brought this action. Defendant's answer to that paragraph was a mere denial and thus was not sufficient to put in issue plaintiff's right to sue. United Farm Agency v. Howald, Mo.App., 263 S.W.2d 889, 893. Our cases hold that the defense that the plaintiff was not the real party in interest is new matter and is not put in issue by a mere denial. Reed v. Inness, Mo.App., 102 S.W.2d 711, 717, 718. A case which goes carefully into the question, citing many authorities, is that of Darr v. Darr, Mo. App., 287 S.W.2d 118, 120, written by Judge Stone. We hold that no issue as to plaintiff's legal capacity or authority to sue was raised in the trial court. For that reason we rule the point against defendant.

Defendant next contends that the court committed error in giving Instruction 2. It told the jury that if they found the issues for the plaintiff under Instruction No. 1 that they were then to find for the plaintiff for himself and as trustee for the claimants in a specified amount. There was no real issue as to the amount the employees were entitled to if the jury found that an agreement had been entered into as required by Instruction No. 1. Plaintiff's Exhibit 15 contained a compilation of wage figures taken from the payroll, the accuracy of which was undisputed. Under the contract, for many employees, all that needed to be done was simply to determine weekly salary and divide it by the proper figure to get the pro rata vacation pay figure. For the remainder, those who worked on a commission, it was only necessary to take their total earnings, which were set forth in Exhibit 15, and make the proper mathematical calculation as set forth in the contract. It was undisputed that the method used in making this mathematical computation had been used by the defendant during all the time he had been in business.

In the instant case, if the plaintiff was entitled to recover, he was entitled to a judgment for the amount specified in the instruction. Our Supreme Court has held that in cases in which the ascertainment of the amount due is only a mathematical computation, it is proper for the court to make the calculation and direct the jury to return a verdict for the amount due. Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 105 A.L.R. 1063; Rolla Special Road Dist. of Phelps County v. Phelps County, 342 Mo. 459, 116 S.W. 2d 61, 64. Defendant's contention is without merit.

Defendant next claims that it was error to admit into evidence Exhibit 15. As we have stated, this exhibit contained a compilation of the earnings of the employees as shown by the payroll. Defendant made a general objection to the admission of the exhibit. Unless it clearly appears that it was not admissible for any purpose, the objection preserved nothing for review. It was necessary for plaintiff to show what sums the employees received in order to ascertain the amount of their vacation pay. The exhibit was certainly competent for that purpose.

Defendant's final contention is that there was a total failure of proof of a binding contract between the parties. The contention is wholly without merit. There can be no dispute as to the rules of law set out in the case of Shofler v. Jordan, Mo.App., 284 S.W.2d 612, cited by defendant. The rules discussed in that case, that, in order to make a valid contract the minds of the parties must meet, and that the essential terms of the contract must be certain or capable of being rendered certain, were met in the instant case. Here the specific terms of the agreement had been reduced to writing. The Union, as representative of the employees, agreed to its terms, and the jury found that the defendant did likewise. There was substantial evidence (the testimony of Enloe and Seiger) upon which to base that finding.

The employees involved herein performed services under the written contract, which services defendant accepted. And

the settled rule is "that, although a written contract be not signed by one or both of the parties, the acceptance by one of the performance by the other will give validity to the instrument and impose on the acceptor the corresponding obligation provided therein." Sunbury v. Aaron, 136 Mo.App. 222, 225, 116 S.W. 431, 432; Mabry v. Swift & Co., Mo.App., 145 S.W. 2d 163, 165, 166.

Finding no error in the record prejudicial to defendant, the judgment is affirmed. All concur.