STATE ex rel. Betty NAES, Relator,

v.

Hon. Michael J. HART, Judge of the Twenty-Second Judicial Circuit of Missouri, City of St. Louis, Division 16, or His Successor, Respondent.

No. 38311.

Missouri Court of Appeals, St. Louis District, Division Four.

March 15, 1977.

Tyree C. Derrick, St. Louis, Frank J. Kaveney, Clayton, for relator.

David O. Fischer, for the Circuit Court for St. Louis City, Armstrong, Teasdale, Kramer & Vaughn, Frank N. Gundlach, Edwin L. Noel, Bryan, Cave, McPheeters & McRoberts, S. Richard Heymann, David S. Slavkin, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Original proceeding in prohibition at the relation of Betty Naes against Circuit Judge Michael J. Hart. Following issuance of our preliminary rule respondent judge filed a return and relator filed a reply. The question is whether our preliminary rule should be made permanent.

Betty Naes is defendant in an indictment charging her with six counts of Stealing Over Fifty Dollars. Her counsel served notice to take depositions under Rule 25.41. Under that rule the manner of taking depositions in a criminal case is governed by the

rules relating to the taking of depositions in civil cases. Drs. Richard Clark and Walter Ballinger and Messrs. Peter Ruger and Joe Evans were subpoenaed as witnesses before a notary public and registered professional reporter. Witnesses Clark, Ruger and Evans appeared and were partially deposed. Mr. Fischer, an assistant circuit attorney, was present, representing the state. Messrs. Frank Kaveney and Tyree Derrick were present, representing defendant. Dr. Clark was the first witness to be deposed. At the commencement of Dr. Clark's deposition Mr. Fischer stated for the record that Dr. Clark (who is not a party to the criminal action) would be represented by Mr. Richard Heymann, an attorney, who intended to participate actively in the taking of the depositions. Mr. Derrick objected on the ground that Mr. Heymann was not an attorney of record in the case and that Dr. Clark was not on trial and had no right to have an attorney participate in the deposition. This objection was repeated and Mr. Heymann's appearance and participation were protested several times throughout the proceedings, but Mr. Heymann refused to accede to the objections. He actively participated in the questioning of all three witnesses. On numerous occasions Mr. Heymann interrupted questions propounded by counsel of record, attempted to clarify or made statements or observations concerning such questions, or accused defendant's counsel of various improprieties. Mr. Heymann objected to questions on various grounds, such as that the question was too broad, or accusatory, or irrelevant, or repetitious, or was asked for purposes of delay or harassment, or violated the attorney-client privilege. Three times Mr. Heymann instructed the witness not to answer the question and on two occasions suggested the deposition be concluded. Finally, during Mr. Ruger's deposition, the confrontation between counsel became heated and intense. Mr. Heymann finally suggested that the deposition be concluded and over the protest of counsel for defendant it was concluded and terminated "for the time being." Thereafter defendant's counsel filed a motion to dismiss "or for other appropriate relief" under Rule 56.01(c), setting forth the actions and conduct of Mr. Heymann during the taking of the depositions; alleging that his actions and conduct were improper and that defendant's discovery rights were thereby violated, and that defendant was caused additional expense in certifying questions to the court for a ruling, and certifying a list of questions not answered. Defendant prayed (1) for dismissal of the indictment for frustration of the right of discovery, or in the alternative (2) an order on the witnesses, under pain of contempt, to answer the certified questions; (3) an order on witness Peter Ruger not to raise the attorney-client privilege with respect to a certain field of inquiry; (4) an order instructing all counsel in the case "that no attorney other than the Circuit Attorney or Assistant Circuit Attorney and defense counsel is to participate or say anything on the record during said depositions of Dr. Clark, Dr. Ballinger, Mr. Evans and Mr. Ruger or any other witnesses," and (5) an order on the circuit attorney's office, Mr. Heymann, or the witnesses deposed, under Rules 56.01(c) and 61.01(g), "to pay defendant reasonable expenses, including attorney's fees, necessitated by this motion concerning discovery rights of the defendant."

Following a hearing on the motion respondent judge denied paragraph (1) of the prayer for relief, took under submission paragraphs (2), (3) and (5), and either overruled paragraph (4) (which respondent alleges) or indicated that he would overrule it (as alleged by relator).

The petition for a writ of prohibition alleged that respondent will exceed his jurisdiction in carrying out his intention to deny paragraph 4 of the prayer for relief in relator's motion. Relator's prayer was for a writ commanding respondent to enter an order granting paragraph 4 and directing the attorneys of record and Mr. Heymann that no attorney other than the attorneys for the parties of record is to participate or say anything on the record during the depositions of the four named witnesses or any other witnesses in the cause.

Relator's first point is that the ruling by the trial court is in excess of its jurisdiction or an abuse of discretion because it permits non-party witnesses and their attorneys who are not attorneys of record "to determine the relevancy and materiality of evidence and to permit the non-party witnesses to refuse to answer questions put to them on the advice of their non-party attorneys and to further permit the non-party attorney to stop the deposition being taken pursuant to the rules of discovery."

By overruling paragraph (4) the circuit court did not thereby acquiesce in or condone any improprieties of witnesses or their counsel during the taking of the depositions. Nor did the court thereby "permit" deponents or their attorney, upon resumption of the depositions, to do any of the things alleged in her first point. Respondent simply denied a prayer for an overly broad order.

Relator's evident purpose in paragraph (4) of her prayer for a protective order was to insure that when the taking of depositions resumed in the future no attorneys other than counsel for the State and for defendant should be allowed to participate in the depositions or say anything of record. That same purpose was the gist of the petition for a writ of prohibition. The threshold question, therefore, is a narrow, limited one: whether the court exceeded its jurisdiction or abused its discretion in refusing to rule that no other lawyer could "participate" in depositions or "say anything of record." Extraneous issues will be ignored.

▉ Prohibition will not lie to control discretionary judicial action but is the proper remedy where a court makes an order in discovery proceedings which exceeds its jurisdiction or constitutes an abuse of discretion. *State ex rel. Danforth v. Riley*, 499 S.W.2d 40, 42 (Mo.App.1973).

▉ Supreme Court Rules 56, 57 and 61, on the subjects of Discovery, Depositions and Sanctions in the Enforcement of Discovery grant courts wide powers and broad discretion in administering discovery proceedings. That the rules contemplate the exercise by courts of a considerable discretion in determining who shall be present at the taking of depositions, and the conditions under which depositions are to be taken, is evident from Rule 56.01(c) on Protective Orders. This rule authorizes the court to make any order which justice requires, including orders (2) "that the discovery may be had only on specified terms and conditions * * *," and (5) "that discovery be conducted with no one present except persons designated by the court". That the rules contemplate the possibility of an attorney being present at the taking of depositions is implicit in the wording of the second paragraph of Rule 61.01(g). That rule authorizes the proponent of a question to move for an order compelling an answer, and paragraph (g) provides that if the motion is granted "the party or deponent whose conduct necessitated the motion or the party *or attorney advising such conduct* or both of them" may be required to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees." (Our emphasis.) That a deponent is entitled to access to legal advice on the subjects of privilege and self-incrimination in connection with his appearance and submission to interrogation at the taking of a deposition is elementary as a matter of essential fairness, provided the presence and conduct of deponent's counsel and the number and length of conferences between deponent and counsel do not unduly interfere with the orderly conduct of the interrogation.

▉ Accordingly, the judge of a court in which a criminal cause is pending has jurisdiction, power and authority, on application, to permit a lawyer for a non-party witness being deposed to be present at the deposition for the purpose of counselling and advising privately with the witness concerning matters of privilege or self-incrimination, following which the witness may answer or refuse to answer a particular question, as he may be advised. If allowed to be present the lawyer may object to a question on the ground that it violates the witness' privilege or his right against self-

incrimination, and may dictate into the record the reasons for his objection. Since the lawyer is not an attorney of record, however, and does not represent a party to the litigation, he has no standing to address the officer before whom the deposition is being taken, or the court, generally on the issues of the case or to make objections, observations or remarks of record on grounds of relevancy or with reference to any other matter not relating to privilege or self-incrimination. In no event does he have the right to stop the taking of the deposition.

■ Whether a lawyer should be permitted to be present for this limited purpose is a matter within the sound discretion of the judge, to be exercised judicially and not arbitrarily. The entry or refusal to enter such order depends upon the facts and circumstances. The motion prayed for an order that *no counsel* other than counsel for the State and defendant "participate or say anything of record" during the depositions of the four named witnesses "and any other witnesses." Such a broad and all-inclusive order would not only have excluded Mr. Heymann (at whose conduct relator strikes) but also would have excluded every other lawyer in the world. Furthermore, it would have imposed a rule of absolute silence on counsel. If a lawyer is permitted to appear for a non-party deponent his role is not thus limited. Under the above restrictions he may properly "say something of record." There was no abuse of discretion in refusing to exclude all lawyers or in refusing to impose upon counsel the requested universal rule of absolute silence.

To accomplish the end sought it was not necessary to ask for the broad order requested in the motion. A prayer restricted to exclusion of the allegedly offending lawyer only, or prescribing proper limits and bounds of the lawyer's participation, would have posed an entirely different legal question to the presiding judge.

We notice that while ruling on paragraph (4) the court reserved its rulings on paragraphs (2), (3) and (5) of the prayer of the motion for a protective order. If the court, upon examination, found merit in the request to order the witnesses to answer the questions, and deemed it just to make an award against deponents' counsel under Rule 56.01(c) and 61.01(g), the sanction of the award alone might be sufficient to encourage counsel to stay within proper bounds in the course of any additional depositions.

■ In any event, there was no need to resort to the extraordinary remedy of prohibition. Rule 56.01(c) on protective orders provides a defendant in a criminal case with a full and complete remedy and sufficient protection to insure rights of discovery and protection from improper conduct of counsel or witnesses. A properly framed motion, detailing the excesses complained of and outlining the specific relief. desired, would give the court jurisdiction to hold a hearing and on a sufficient showing to make any order which justice requires, consistent with Supreme Court rules and this opinion, to protect the parties by laying down specific terms and conditions under which additional depositions would be allowed to be taken. Paragraph (4) of relator's prayer asked for relief which should not be granted and respondent will not be prohibited from making or enforcing an order denying the broad relief sought.

Relator is not without a remedy. The matter of discovery has been left open pending the determination of this proceeding, and relator may file a proper motion under Rule 56.01(c) if so advised upon the basis of which the court may fashion a proper order.

Relator requests that we apply the sanctions provided for in Rule 61.01(g) by awarding costs and attorney's fees to relator and taxing them against the witnesses or their attorneys or against both witnesses and attorneys. These questions, raised in the motion filed by relator in the circuit court, are live questions which as indicated were taken under submission, and remain to be passed upon by that court. It would be

improper for this Court to adjudicate these questions at this time in this proceeding.

Because of the overbreadth of relator's motion and prayer our preliminary rule was improvidently issued and the preliminary writ of prohibition is quashed.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.