**STATE of Missouri ex rel. Carol Jane Morris ROBINSON, Plaintiff,**

v.

**The Honorable James Clifford CROUCH, Judge of the Circuit Court of Christian County, Missouri, Defendant.**

No. 12003.

Missouri Court of Appeals, Southern District, Division One.

May 12, 1981.

Meredith B. Turner and Lynn E. Heitman, Turner, Reid, Duncan & Loomer, Springfield, for plaintiff.

K. Thomas Tough and Wayne C. Smith, Jr., Springfield, for defendant.

TITUS, Judge.

Plaintiff Carol petitioned this court to prohibit the defendant circuit judge from enforcing his rulings which would require plaintiff to produce certain documents and answer certain interrogatories regarding her earnings, assets, etc., in an action instituted by her former husband, Gary, designed to modify a previously made dissolution of marriage decree.[1] The gist of plaintiff's claim for prohibition is that defendant has no jurisdiction in the cause to modify the decree and hence no jurisdiction to make or enforce the discovery rulings. Our preliminary order in prohibition issued and the parties have filed their briefs. The paramount issue herein is whether the written and duly executed "Child Custody, Property Division and Maintenance Agreement"[2] (hereinafter agreement or contract) made by Carol and Gary in contemplation of the dissolution and the action of the dissolution court in respect thereto, precluded modification of the specified monthly maintenance payments to be made by Gary to Carol.

At the outset it should be especially noted that Gary seeks only to affect or modify that portion of the contract and decree relating to his liability for payments to Carol for support and maintenance. From this and the lack of action on or concerning other aspects of the agreement during the five years since the contract was made and the decree entered, we may reasonably assume that all other mutual contractual duties contained in the agreement have been satisfactorily discharged by the performance thereof and that such performance lends validity to at least those parts of the contract which have been duly executed and not questioned. *Brandt v. Beebe*, 332 S.W.2d 463, 467[7] (Mo.App.1959); II Restatement of the Law of Contracts, § 386, pp. 728–729. In filing his "First Amended Petition for Modification and Correction of Decree," Gary abandoned the allegations of his original pleading [*Lightfoot v. Jennings*, 363 Mo. 878, 880, 254 S.W.2d 596, 597[3] (1953)], and all the circuit court had before it was, in fine, a motion to modify its original decree. The amended petition averred modification was due because changed circumstances of the parties rendered the original decree unreasonable "within the meaning of [§] 452.370–1" and because the separation contract did not preclude modification as "provided for in [§] 452.325–6." The sole relief sought was to reduce Gary's obligation to pay Carol for her support and maintenance "to the sum of $1.00 per year." Modification, according to the pleading, was justified because Carol's "earning capacity and earnings and income other than earned income are sufficient to support her without contribution from" Gary and because Gary's remarriage has subjected him to "expenses not contemplated at the time of the dissolution of marriage."

In contemplation of and conditioned upon the entry of an order dissolving their 18-year marriage, Carol and Gary executed an elaborate six page written separation contract. Inter alia, the agreement contained detailed provisions for the division of all assets in which either or both had or claimed any interest; for the assumption and discharge of liabilities; for the custody,

---

1. Designation of parties herein as "plaintiff" and "defendant" is per Rules 84.22–84.26 and 97.01–97.02 albeit the litigants employ the customary titles of "relator" and "respondent."

References to rules and statutes are to V.A. M.R. and V.A.M.S.

2. Made a part of plaintiff's petition for writ of prohibition.

support and visitation of their only child; for Gary's monthly maintenance payments to Carol; et cetera. One of the stated purposes for making the contract was to adjust the parties' property rights and Carol's "right to support and maintenance in the event [of] a dissolution." Among other things, the agreement stated: "1. *INCORPORATION*: This agreement may be incorporated in, and made a part of any dissolution decree which may hereafter be granted.... 3. *EFFECTIVE DATE*: This agreement shall become binding upon the parties ... immediately following the granting of a decree of dissolution, provided that the provisions of this agreement are approved by the Court in which such proceeding is instituted.... 9. *MAINTENANCE*: [Gary] agrees to pay [Carol] for her support and maintenance, the sum of [$1,650] per month, starting July 1, 1975, .... Beginning July 1, 1979, such monthly payments shall be reduced to [$1,500]. The liability of [Gary] for these payments shall cease [upon the death of either party or upon Carol's remarriage]. 10. *ACCEPTANCE BY WIFE*: [Carol] acknowledges that the provisions of this agreement for her support and maintenance are fair, adequate, and satisfactory to her, and in keeping with her accustomed standard of living and her reasonable requirements. [Carol], therefore, accepts these provisions in full and final settlement and satisfaction of all claims and demands for alimony or for any other provision for support and maintenance, and fully discharges [Gary] from all such claims and demands except as provided in this Agreement.... 13. *ENTIRE AGREEMENT*: This Agreement contains the entire understanding of the parties, and there are no representations, warranties, covenants, or undertakings other than those expressly set forth herein. 14. *MODIFICATION AND WAIVER*: A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality of this agreement."

At the hearing conducted on the dissolution petition, Gary acknowledged that the contract, supra, represented "a fair and equitable division of property and provisions for the support of [his] wife." In § 452.325–2, it is provided that "[i]n a proceeding for dissolution of marriage ..., the terms of the separation agreement ... are binding upon the court unless it finds, after considering the economic circumstances of the parties and other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." When ordering the decree of dissolution the court specifically found: "Property settlement filed, and the Court finding it fair, reasonable, and not unconscionable, approved same." As specifically provided in paragraph 1 of the contract, supra, and § 452.-325–4(1), the separation agreement was incorporated into and made a part of the decree as admitted in defendant's (actually Gary's) brief herein. To be additionally observed is that the contract precluded or limited modification of its terms (§ 452.325–6) by stating in paragraph 14 that modification thereof could be effected "only if made in writing and executed with the same formality of this agreement." Moreover, and predicated on the foregoing and the fact the maintenance contract was incorporated into and not expressly excluded from the dissolution decree, the agreement provisions anent maintenance became decretal and therefore "enforceable by all remedies available for the enforcement of a judgment." § 452.325–5. *In re Marriage of Haggard*, 585 S.W.2d 480, 482[2] (Mo. banc 1979). This holds no succor for Gary. By formally finding the separation agreement "fair, reasonable, and not unconscionable," the court lent its judicial approval to the plain language of the contract and, by incorporating its terms into the decree as specifically provided in the agreement, reduced to judgment the fact that the agreed-to maintenance due Carol could not be modified except by mutual assent of the parties. *Nakao v. Nakao*, 602 S.W.2d 223, 226[1] (Mo.App.1980).

Although the foregoing indicates little or no dispute to be resolved, Gary's lone point relied on states: "The award of mainte-

nance to [Carol] is subject to modification by reason of the fact that the agreement and it's [sic] terms were not reviewed by the court with determinations as required by V.A.M.S. § 452.325(1) and (2); V.A.M.S. § 452.330[–1] (2) and (3); and V.A.M.S. § 452.335, 1(1), (2) and 2(1); thus the court has failed to exhaust it's [sic] jurisdiction, which failure, upon proper notice, may be modified, vacated or corrected as to any part of the decree entered." Wherein and why the terms of the contract were not reviewed with determinations required by the cited statutes and wherein and why such failure resulted in the nonexhaustion of the court's jurisdiction is not shown or understandable from the point as written. The argument portion of the brief, no more intelligible than the point, explains "that the trial court has done nothing more than become a rubber stamp for the agreement entered into by the parties [and] when the trial court does so, the jurisdiction of the trial court has not been exhausted." What we suspect is being claimed is that the dissolution court, although ordinarily bound by the terms of the separation agreement (§ 452.325–2), failed to make a sua sponte in-depth inquiry as to the fiscal circumstances of the parties and other related matters before declaring the contract not unconscionable.

The main fault we find with Gary's present position and assertions is that the action he instituted did not, either directly or collaterally, attack the legality or conscionability of the separation agreement in regard to his liability for payments to Carol for support and maintenance. In the action actually filed, the basic concern is the authority of the trial court to proceed upon the petition-motion to modify and to enforce discovery procedures relating solely to that authority. The action instituted by Gary is neither a direct nor a collateral attempt to have the separation contract, or any part thereof, declared unconscionable. He nowhere pleaded, suggested or contended in his petition-motion that he did not enter into the separation agreement of his own free will and volition. Gary could have legally questioned the provisions of the sep-

aration contract by either not signing it, or, when presented to the trial court for approval and incorporation in the dissolution decree, by telling the court it was unconscionable, or by timely appealing from the decree. The fact Gary did none of this and made no effort to have the contract declared unconscionable in the petition-motion filed five years after the decree, implies the complaints raised for the first time in this court in this action for prohibition are simply afterthoughts designed to somehow foster an unpleaded right to modify the contract belatedly. If, assuming arguendo, the trial court in the separation action committed any error of law in approving the contract and incorporating it into the decree, the error was invited and encouraged by Gary when he signed it and assured the court under oath that it represented a fair and equitable division of property and provisions for the support of Carol. Errors of law do not provide grounds for collaterally attacking a final judgment, especially when raised for the first time in this court in opposing a writ of prohibition. *Flanary v. Rowlett*, 612 S.W.2d 47, 50[6] (Mo.App. 1981). Gary's reliance herein on *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979) is misplaced. In that action the wife directly appealed the judgment of the circuit court finding the purported settlement agreement conscionable. Unlike the contract in the instant case, the agreement in *Block* did "not disclose even fragmentary information as to the economic circumstances of the parties" and on appeal the court held that the trial court's finding that the contract was not unconscionable "may not be supported without any evidence of the economic circumstances of the parties." But all the foregoing be as it may, the fact remains that the conscionability of the property settlement agreement was not raised in the basic action instituted by Gary and the return made in this prohibition proceeding may not be employed to broaden the issues set up in the petition or to bring additional issues into the case. *State ex rel. Specialty Foam Products, Inc. v. Keet*, 579 S.W.2d 650, 653[2] (Mo.App.1979).

■ When Carol and Gary executed the contract to settle all marital property rights, including Carol's right to support and maintenance, and it was thereafter judicially declared conscionable, was court-approved and made a part of the decree as agreed, the maintenance contract became nonmodifiable except by mutual written assent of the parties. Gary's subsequent attempt to have the maintenance portion of the decree court-modified because of alleged changes in circumstances did not state a cause of action. *Nakao v. Nakao,* supra, 602 S.W.2d at 227. Jurisdiction of the court to render a particular judgment in a particular case depends upon the power of the court granted by statute or otherwise and cannot be waived. If a court cannot try a question except under particular conditions or unless petitioned in a particular way, it has no jurisdiction until such conditions exist or unless the court is approached in a manner which bestows jurisdiction. *State ex rel. Lambert v. Flynn,* 348 Mo. 525, 532, 154 S.W.2d 52, 57[8] (banc 1941); 21 C.J.S. Courts § 85, at pp. 128–129.

■ We are not completely circumscribed by the prayer of plaintiff's petition in prohibition, the essential object of which was to prohibit the defendant judge from enforcing the discovery rulings. Prohibition is the proper remedy to review a trial court's order improperly requiring discovery. *State ex rel. Naes v. Hart,* 548 S.W.2d 870, 873[1] (Mo.App.1977); *State ex rel. Danforth v. Riley,* 499 S.W.2d 40, 42[1] (Mo.App.1973). However, as we have additionally found that Gary's amended petition does not state a cause of action for modification of the contract, our preliminary rule in prohibition will be made absolute by which defendant judge will be prohibited from taking any further action in the cause, when returned to him, except to dismiss it for the reasons herein stated unless Gary first, upon being granted proper leave in additional proceedings, files an amended pleading correctly alleging facts entitling him to relief. Cf. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 1186, 295 S.W.2d 62, 67–68[16–17] (banc 1956). It is so ordered.

GREENE, P. J., and FLANIGAN, J., concur.