130

Mary Frances ROGERS,
Respondent–Appellant,

v.

Dalton J. ROGERS,
Appellant–Respondent.

Nos. 15127, 15147.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 1988.

Donald L. Sanders, Springfield, for respondent-appellant.

John R. Lewis, Lewis & Stevens, P.C., Springfield, for appellant-respondent.

PREWITT, Presiding Judge.

The parties' marriage was dissolved in an uncontested proceeding on March 25, 1985. The dissolution decree incorporated a "Property Settlement Agreement and Agreement Concerning Child Custody, Visitation and Support". That agreement provided that Dalton J. Rogers pay Mary Frances Rogers "$100 per month as and for maintenance".

Thereafter Dalton J. Rogers sought modification of the decree by terminating the "maintenance obligation". Mary Frances Rogers contested that request and sought to have the court hold Dalton J. Rogers in contempt for violations of the decree, other than the maintenance payment. The trial court determined that it had no authority to change the maintenance provision and Dalton J. Rogers appealed. The motion for contempt was "sustained in part and denied in part." Mary Frances Rogers also appealed contending that the trial court erred in not awarding her attorney fees. The appeals were consolidated.

We first discuss Dalton J. Rogers' appeal. The parties' agreement provided that "No modification or waive [sic] of any of the terms of this Agreement shall be valid unless made in writing and executed by both parties." The trial court held that this provision prevented the modification requested. Dalton J. Rogers contends that the provision should not prevent modification as it does not "expressly preclude limitation or modification of the terms of maintenance by the court." He bases this argument on § 452.325.6, RSMo 1986, which states:

"Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the

decree if the separation agreement so provides."

The agreement "expressly" provides that any modification of it must be done in a specified way which did not occur here. The restriction on modification did not have to specifically refer to maintenance as that was included in the agreement and the provision limited modification "of any of the terms of this Agreement". Similar provisions in separation agreements have prevented modification. See *State ex rel. Robinson v. Crouch,* 616 S.W.2d 587 (Mo.App. 1981); *Nakao v. Nakao,* 602 S.W.2d 223 (Mo.App.1980). Those holdings are applicable here. Dalton J. Rogers' appeal is denied.

■ Mary Frances Rogers contends that she is entitled to attorney fees under the separation agreement above referred to. In her brief she states that she "comes before this Court seeking only that Respondent be ordered to comply with the terms of the Property Settlement Agreement into which he had previously and voluntarily entered."

The portion of the separation agreement on which she relies to receive attorney fees states:

ENFORCEMENT OF AGREEMENT: In the event a party hereto shall fail to perform any obligation required by this Agreement, then such party shall be liable to the other for expenses, including reasonable attorney's fees, which may be necessary in order to enforce the terms of this Agreement, or collect any money due under this Agreement, or to protect his or her rights provided in this Agreement.

That provision does not aid her. It would only be applicable "[i]n the event a party hereto shall fail to perform any obligation required by this Agreement". Dalton J. Rogers did not fail to perform the agreement, he sought to change it. No violation of any specific obligation under the agreement was found by the trial court.

The matter of attorney fees was then left to the trial court's discretion. Only when the trial court abuses the broad discretion which it has in awarding attorney fees should its order be overturned. *Weiss v. Weiss,* 702 S.W.2d 948, 958 (Mo.App.1986). Based on the financial condition of the parties there was no abuse of that discretion here. Mary Frances Rogers was as well or perhaps better able to bear those expenses as Dalton J. Rogers. Mary Frances Rogers' appeal is denied.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

FLANIGAN, J., concurs in part; dissents in part.

FLANIGAN, Judge, concurring in part; dissenting in part.

I concur in the disposition of the appeal of Dalton J. Rogers. I dissent with respect to the disposition of the appeal of Mary Frances Rogers. In my opinion, she is entitled to attorney fees under the separation agreement.

The separation agreement provided: "No modification ... of any of the terms of this Agreement shall be valid unless made in writing and executed by both parties." That provision, as the principal opinion holds, prevented modification of maintenance in the absence of the parties' joint written assent. There was, in my view, at least an implied obligation on the part of Dalton J. Rogers not to seek modification otherwise. He failed to perform that obligation. Such failure brought into play the additional provision of the separation agreement entitled "Enforcement of Agreement," set forth in the principal opinion. Under the latter provision, he incurred liability for the attorney fees and expenses incurred by Mary Frances Rogers in opposing the violation of his obligation and insisting upon performance of the original agreement.